---

## SAME v. SAME.

1. **Taxes:** CONSTRUCTION OF STATUTE.  The act of February 28th, 1881, to authorize county commissioners to foreclose tax liens on real estate, is not an amendment to the revenue law of 1879.

2. ———:  ATTORNEYS' FEE.  There is no statute in this state authorizing the taxation of attorneys' fees as part of the costs in an action by county commissioners to foreclose a tax lien.

3. ———:  ASSESSMENT: LIEN.  Where taxes were lawfully assessed and are a valid charge against real estate, merely technical errors or omissions which do not prejudice the parties, will not defeat the foreclosure of the tax lien.

MOTION for rehearing.

MAXWELL, J.

An opinion was filed in this case August 6th, 1884, and a motion for a rehearing has since been filed by each of the parties,   The motions will be considered in their order.

1.   On behalf of the plaintiff, a rehearing is sought for the purpose of asking the court to reconsider its action striking out the sum of $180 as attorney fees in the case,

Otoe County v. Brown.

it being claimed that such fees are expressly provided for by the revenue law of 1879.

This action was brought to foreclose a tax lien upon the real estate in controversy for the taxes delinquent thereon for 1879 and prior years. In 1875 an act was passed authorizing the county commissioners of the several counties to purchase land for their respective counties at tax sales, and authorizing them to sell and assign the certificates of purchase. This provision in regard to purchasing lands for delinquent taxes due thereon was copied substantially into the revenue law of 1879. In 1881 an act was passed authorizing county commissioners to foreclose tax liens on real estate purchased by them for taxes due thereon. This was not enacted as an amendment to the revenue law of 1879, but as a separate and distinct act, laws of 1881, pages 325-327, and there is no provision therein for attorney fees. It is very clear therefore that the revenue law of 1879, so far at least as attorneys' fees were concerned, was not intended to apply to cases where counties foreclose tax liens. Whether under the title of the revenue law of 1879 such fees can be recovered in any case, is not now before the court. The delinquent taxes due for 1880, 1881, and 1882, were not the cause or causes of action, but were added as provided by the statute, in order that all demands for taxes might be satisfied, and that the purchaser should obtain a valid title. There being no provision for an attorney fee applicable to a case like that under consideration, the motion for a rehearing on behalf of the plaintiffs must be overruled.

2. All the questions presented by the defendant's motion were carefully considered on the former hearing, and no sufficient reason has been stated for a reconsideration of the case. The objections urged against the tax proceedings might have force in assailing a tax deed, but are of no effect in an action in equity to foreclose the tax lien. A tax deed is executed under a naked power, often for a

trifling consideration, but one step removed from confiscation, therefore the validity of the deed must depend upon the performance of the conditions precedent to its execution. In other words, the right to sell only exists when all the conditions upon which that authority depends have been complied with. In the enforcement of a tax lien, however, where the tax is a valid charge upon the property, the strict rules of the law will not be applied. The burdens of government must be borne by the property within the state. In justice, all property within the state should bear its proportion of this burden, and there is an equitable claim against it to that extent. The proportion is obtained by the assessment, by which it is intended that all property shall be listed and assessed at its true value. If from any cause an owner of property escapes the payment of a valid tax upon his property, injustice is done to every other property owner in the state. To defeat the enforcement of the lien for valid taxes, therefore, there must be something more than mere technical errors or omissions which do not affect the substantial rights of the parties. The rights of the land owner are guarded as effectually as they would be in the foreclosure of a mortgage. The land must sell for at least two-thirds of its appraised value, and as the title conveyed is that possessed by the state there would seem to be no reason why the property should not bring its full value. As the grounds upon which it is sought to obtain a rehearing are purely technical, and do not affect the substantial rights of the parties they are not sufficient to defeat the foreclosure of the tax lien. The motion for a rehearing must be overruled.

MOTION OVERRULED.

THE other judges concur.