JOHN B. GILFILLAN *vs.* CHARLES W. HOBART and another.

May 21, 1886.

Tax Certificate—Omission of Date of Sale.—Under Laws 1874, c. 1, §§ 124, 125, a certificate of tax sale which contains no date of sale is invalid, and not evidence of title.

Appeal by plaintiff from an order of the district court for Hennepin county, *Koon*, J., presiding, refusing a new trial, after a verdict for defendants.

*Gilfillan, Belden & Willard*, for appellant.

*D. A. Secombe*, for respondents.

BERRY, J. This is the second appearance of this action in this court. See 34 Minn. 67, (24 N. W. Rep. 342.) A new objection is now made to the certificate of tax sale, viz., that it does not state *the date* of sale, as required by the statutory form. The statute ap-

plicable (Laws 1874, c. 1, § 124) says that the certificate "may be substantially in the following form." "May" is here equivalent to "shall." *Clark* v. *Schatz*, 24 Minn. 300; *Keller* v. *Houlihan*, 32 Minn. 486, (21 N. W. Rep. 729.) "Shall be substantially in the following form," requires the certificate to contain the substance of the form. A statement of one of the *facts* of the sale required by the form must be of its *substance*, and without such fact the certificate is not *substantially* in the prescribed form. Whether it was *per se* important that the certificate should contain the date of sale is not material. The legislature has enacted that a form containing such date must be *substantially* adhered to, and that is the end of the matter. *Harrington* v. *City of Worcester*, 6 Allen, 576; *Grimm* v. *O'Connell*, 54 Cal. 522; *Hubbell* v. *Campbell*, 56 Cal. 527; *Lain* v. *Cook*, 15 Wis. 446; *Wakeley* v. *Mohr*, 18 Wis. 321.

But, independent of this view, there is good reason why the legislature should have regarded the insertion of the date of sale in the certificate as in itself of substantial importance. After the expiration of the period of redemption (two years) without redemption, the certificate stands for a deed, and is the purchaser's muniment of title, (section 124, *supra*,) and after the expiration of that period it is *prima facie* evidence of title, (section 125.) Unless the date of sale is stated in the certificate, there is no propriety in giving it this effect; for while without this date it would evidence a sale, there would be nothing upon its face to indicate that the period of redemption had expired, so that the sale had ripened into a title. In this view, the date of sale is a substantial part of the certificate, which is therefore insufficient and invalid without it.

So far as here important, the certificate involved in this case is as follows: "I, * * * auditor, * * * do hereby certify that at the sale of lands, * * * which * * * was held * * * on the several days below specified, the following described pieces or parcels of land, * * * to wit:

| SUBDIVISION. | SECTION OR LOT. | TOWN OR BLOCK. | RANGE. | DATE OF SALE. | AMT. SOLD FOR. |
|---|---|---|---|---|---|
| | 10 | 10 | | Dec. 28, 1874. | 82 |
| | 11 | " | | " " " | 80 |
| | 12 | " | | " " " | 82 |
| | 13 | " | | " " " | 80 |
| | 14 | " | | " " " | 80 |
| Morrison's Addition to North Minneapolis. | 5 | 11 | | " " " | 82 |
| | 6 | " | | " " " | 82 |
| | 7 | " | | " " " | 80 |
| | 8 | " | | " " " | 80 |
| | 9 | " | | " " " | 80 |
| | 10 | " | | " " " | 80 |
| | 11 | " | | " " " | 80 |
| Lot 2, | 33 | 118 | 21 | " 31, " | 11 57 |
| Lot 3, | 33 | " | 21 | " " " | 11 57 |
| N. W. ¼, S. E. ¼, and Lot 2, | 33 | " | 22 | " " " | 20 88 |
| Town of St. Anthony, | 1 | 3 | | Jan. 2, 1875. | 10 51 |
| Bottineau's Add. to St. Anthony, | 2 | 21 | | " " " | 2 93 |
| " " " | 1 | 29 | | | 2 12 |
| " " " | 5 | " | | | 1 71 |
| " " " | 6 | " | | | 1 71 |
| " " " | 7 | " | | | 1 33 |
| " " " | 8 | " | | | 92 |
| Bassett, Moore & Case's Add. to Minneapolis, W. ½, | 21 | 37 | | " 11, " | 3 77 |

—Were first offered," etc.

It will be observed that, as respects all the lots named in the certificate, except those in block 29, Bottineau's addition, a date of sale is specified, either by placing such date opposite each of said lots, or by ditto marks. As to the lots in said block 29, there is no specification of any date of sale in either of these ways; and any presumption that the date "Jan. 2, 1875," was intended to apply to the lots in that block is repelled by the fact that ditto marks are wanting as respects these lots, although used as to the lot immediately preceding them, as well as in other places in the certificate. How this happened we cannot say, though we may conjecture that a blank as to date of sale was left opposite these lots, which the auditor intended, but neglected, to fill.

In our opinion no date of sale is specified as to these lots, and for reasons before assigned the certificate is therefore invalid, and no evidence of title. For this reason the order of the court below denying a new trial must be reversed.

But there is an error in the charge to the jury which leads to the same result. The effect of the former decision in this case was that the plat of Bottineau's and Northrup's additions had no tendency to

show that the lots in Northrup's addition were, or properly could be, designated or described as lots in Bottineau's addition. The construction of the plat was a matter of law for the court, as held in *Hanson* v. *Eastman*, 21 Minn. 509, and in *Downer* v. *St. Paul & Chicago Ry. Co.*, 23 Minn. 271. It necessarily followed that the plat could not be evidence to show, or from which a jury would be authorized to infer, that the lots in Northrup's addition were properly or sufficiently described as in Bottineau's addition. The jury were instructed to the contrary, which was error.

We may add that we perceive no purpose for which the plat should be exhibited to the jury, except for that of showing that the block numbers 17, 21, and 29 were common to both additions.

We think the auditor's books were properly receivable in evidence. They showed how these lots had been designated, for purposes of taxation, for many years, by public authority. This was something more than a designation by the *person* by whom the records were made up. The books were public records, and evidenced public and official treatment of the lots as a matter of public importance. Of course this evidence was not conclusive, but it had a legitimate bearing upon the question of common repute.

These are all the points to which we deem it necessary to advert, and the result is that the order denying a new trial is reversed, and a new trial directed.