NANNIE W. STEWART vs. MINNEAPOLIS & ST. LOUIS RAILWAY · COMPANY.

36 355
40 188
40 387
36 355
68 315
68 316

January 31, 1887.

**Tax-Judgment Sale—Auditor's Certificate, when to be Executed.—**
The statute (Laws 1874, c. 1) contemplates that the auditor's certificate of tax sale shall be executed at the time of the sale, or within such time thereafter as may be reasonably necessary for that purpose.

**Same—Effect of Delay.—**A certificate not executed until many years after the sale is without statutory authority, and is of no effect.

Appeal by plaintiff from an order of the district court for Hennepin county, *Koon*, J., presiding, refusing a new trial.

*John B. & W. H. Sanborn*, for appellant.

*J. D. Springer*, for respondent.

DICKINSON, J. This is an action of ejectment. The plaintiff claims title derived through a purchase by the state, at a sale upon a tax judgment entered in 1874, under chapter 1 of the laws of that year, and by assignment from the state to her in January, 1877. Upon the trial the plaintiff offered in evidence the tax-judgment book, showing the entry of the judgment in September, 1874, and opposite the description of the land in controversy the entry, "Bid in for the state." The plaintiff then offered in evidence a certificate of sale to the state in proper form, certifying that the property was bid in for the state at the sale in January, 1875. This certificate was not executed until November, 1882, nearly eight years after the sale. It was admitted that the auditor who executed it was not in office when the sale was made, and that no certificate of sale prior to this had been made. The court refused to receive the certificate in evidence. The correctness of this ruling is here in question.

It is our opinion that the certificate was executed without authority of law, and that the ruling was right. The statute contemplated that the certificate of sale should be made as a part of the proceedings in connection with the sale itself, and therefore within such reasonable time after the sale as might be necessary to enable the au-

ditor to perform this duty. There is nothing in the statute indicating that at any time—years after the sale had been made—this statutory certificate might be executed, having the effect which by law is given to a certificate issued at the time of or immediately following the sale. On the contrary, both the general structure of the statute, and some of its particular provisions, lead to the opposite conclusion. The requirement to execute a certificate of sale is found in immediate connection with the provisions relating to the sale, as though it were a duty to be performed when the sale has been made. It is a certificate of the sale. It may unquestionably be issued at once, and there is nothing to indicate that the execution of it may be long postponed. It does not depend upon anything to occur subsequent to the sale. It was evidently contemplated that the certificate should be executed at least before the expiration of the period for redemption, because it is in terms a conveyance of the property "subject to redemption as provided by law," and "such certificate, in case the land shall not be redeemed, shall pass to the purchaser, or the state, the estate therein expressed." Again, under the act of 1874, the sale was, if possible, to be of a leasehold estate in the lands for the shortest term of years for which any person would purchase and pay the tax, and in case of such a sale the certificate was to embody the terms of a lease to the purchaser, for the term purchased, "from the date hereof, subject to any redemption provided by law." Section 124. It must have been the purpose of the law that the term thus purchased should commence presently, and not at some remote and indefinite future period, at the mere election of the purchaser or of the auditor; and so the certificate should bear date, and of course be executed, at the time of the sale, or within such reasonable time thereafter as might be necessarily required for the performance of this duty.

The statute contains nothing suggestive of a different construction when sale is made of the fee. The statutory certificate, or the record of it, is made in all cases *prima facie* evidence that all the requirements of the law with respect to the sale have been duly complied with. Section 125. It seems to us unreasonable that the legislature should have intended to authorize an auditor, of his own motion, or upon the request of any person, to execute a certificate of tax sale

five, ten, or twenty years after the sale had been made, and by that act to create evidence of the regularity of the proceedings, when proof of the facts relating thereto may have become impossible. Such a power is not expressed in, and we think ought not to be inferred from, the statute. The power can exist only by force of the statute, and an unauthorized certificate is of no effect.

We have not considered whether, in any case, an auditor succeeding the auditor who makes a tax sale has authority to execute a certificate of sale. Of course, he could not do what the officer making the sale could not have done.

This disposes of the case before us, and the order refusing a new trial is affirmed.