JOHN B. GILFILLAN *vs.* JESSE B. CHATTERTON, impleaded, etc.

May 12, 1887.

Tax-Sale Certificate—Requisites—Time for Execution.—*Stewart* v. *Minn. & St. L. Ry. Co.*, 36 Minn. 355, followed, to the effect that, upon a sale of land for taxes, a proper certificate of sale is essential to complete the sale, and that it must be executed at the time of the sale, or within such time thereafter as may be reasonably necessary for the purpose. One executed years afterwards is of no effect.

Ejectment. Defendant (impleaded with Charles W. Hobart) appeals from an order of the district court for Hennepin county, *Rea*, J., presiding, refusing a new trial.

*D. A. Secombe*, for appellant.

*Gilfillan, Belden & Willard*, for respondent.

GILFILLAN, C. J.    To show title to the land in dispute out of plaintiff and in himself, defendant relied on a certificate executed June 14, 1886, by F. S. McDonald, then auditor of Hennepin county, certifying to the sale of the land on January 2, 1875, under a judgment for delinquent taxes entered September 1, 1874.    The certificate was in the usual form of a certificate of sale under a tax judgment.    At the time of the supposed sale, Jacob Schaefer was auditor of the county.    A certificate had been issued by him at the time of the sale, but it was held void by this court in *Gilfillan* v. *Hobart,* 35 Minn. 185, (28 N. W. Rep. 222.)

As decided in *Stewart* v. *Minn. & St. L. Ry. Co.,* 36 Minn. 355, (31 N. W. Rep. 351,) McDonald had no authority to execute the certificate, and it was therefore of no effect.    As indicated in the opinion in that case, the certificate is a part of and is essential to the sale. There cannot be a completed sale without it.    Where there is a long list of lands exposed to sale, the auditor need not make the certificate, as to each piece, as soon as it is struck off, and before he offers the next piece for sale, but he may go on until all have been offered and struck off, and then complete the sale, as to each, by executing the proper certificate; and he may execute the certificate within such time as may be reasonably necessary to strike off all the pieces on the list, and prepare and execute the certificates.    In no case that we can conceive of could several years be regarded as such reasonably necessary time.

Order affirmed.