WELD PHILBROOK *vs.* LEONARD T. SMITH, impleaded, etc.

· January 29, 1889.

**Tax Title under Laws 1874, c. 1—Requisites.**—To sustain the title of the holder of a state assignment certificate issued under Laws 1874, c. 1, § 129, it is necessary for him to establish the execution in due form of a certificate of sale to the state by the county auditor, as an essential muniment of his title.

**Same—Evidence.**—The issuance of such certificate of sale, *held* not established by the evidence in this case.

**Same—Presumption as to Official Conduct.**—Presumptions of the performance of official duty cannot be used to supply the essential facts in the derivation of title

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill, J.*, presiding, refusing a new trial in an action to determine adverse claims.

*Willis, Nelson & Speel,* for appellant.

*S. & O. Kipp,* for respondent.

VANDERBURGH, J. It is conceded that the title to the land in controversy is in the defendant Smith, unless the plaintiff is shown to have acquired a valid tax title of the same under the tax sale for delinquent taxes of 1873, made in pursuance of the tax law of 1874. The record shows that the land was bid in for the state, December 18, 1874. Subsequently, on June 15, 1875, the auditor of the county issued to plaintiff a certificate of assignment purporting to transfer to him the title of the state, in pursuance of Laws 1874, c. 1, § 129. The decision of the trial court embraces the finding that there was no certificate of sale issued to the state, and it was therefore determined that the title never passed to the state, or the plaintiff as the assignee of the state. Whether this finding is warranted by the evidence appears to be the only question on this appeal. In this we think the court is sustained by the record. In other words, the evidence is not such as to justify a finding in plaintiff's favor. It was necessary for him to prove the execution of the certificate, its loss, and contents. The law requires exactness in the derivation of title.

Presumptions of the performance of official duty cannot avail to supply essential facts, though they may aid in applying the evidence; and, where the essentials are proved, collateral circumstances will be presumed in favor of right.    Broom, Leg. Max. *948, *949; 3 Starkie, Ev. *936; 1 Greenl. Ev. §§ 20, 86.    No such certificate (to the state) was delivered to the plaintiff when he took his assignment.    He has never had any or seen any, and did not know that it was necessary that there should be any.    The auditor then in office, who was sworn as a witness, thinks it was the practice to issue both certificates at the same time; that is to say, when an assignment was called for, the certificate to the state was also made out.    In such case they would naturally be both delivered to the purchaser, but he is unable to say that the practice was uniform.    The business was sometimes transacted by a deputy; and it is evident that the witness had not sufficient *data* or recollection to enable him to testify as to the facts in this particular instance.    As it was an essential muniment of title, and a written instrument which must have been duly made and executed, in order to complete the chain of plaintiff's title, it is quite clear that the evidence was altogether too scant and indefinite to make out his case.

Order affirmed.