SYLVESTER KIPP and another *vs.* HORTENSE HILL and Husband.

February 20, 1889.

**Taxes—Sale to State—Certificate Void unless Seasonably Made.**—A certificate issued to the state for lands bid in at a tax sale, made out and executed by the county auditor months after the expiration of the time reasonably needed for such purpose, although within the period of redemption provided in Laws 1874, *c.* 1, is of no effect.　　Following *Stewart* v. *Minn. & St. Louis Ry. Co.*, 36 Minn. 355, and *Gilfillan* v. *Chatterton*, 37 Minn. 11.

Action to determine adverse claims to land in Ramsey county, brought in the district court for that county, in October, 1887, and tried by *Kelly*, J., who ordered judgment for plaintiffs. ·Defendants appeal from an order refusing a new trial.　　It was agreed that the plaintiffs were owners of the land unless their title had been divested by the tax sale mentioned in the opinion, under which the defendant Hortense, as assignee of the right acquired by the state, claimed title.

*E. S. Chittenden,* for appellants.

*S. & O. Kipp,* for respondents.

COLLINS, J.　　The land involved in this action was bid in by the state at a tax sale held December 22, 1874.　　On November 18, 1876, the state assigned its right and interest to one Langelier, from whom, through intermediate conveyances, the defendant Hortense Hill claims title.　　The certificate of sale required by Laws 1874, *c.* 1, § 124, was not made out until the day of the assignment to Langelier, almost two years after the day of the tax sale in 1874.　　The trial court found as a fact that the auditor making the sale could have, by the exercise of reasonable diligence, in addition to performing all other official duties, caused to be prepared, and could have executed, all certificates provided for in said section 124, within eight weeks from and after the day of sale, December 22, 1874, and that said period of eight weeks was all the time reasonably necessary within which to prepare and execute all said certificates.　　It is laid down in *Stewart* v. *Minn. & St. Louis Ry. Co.*, 36 Minn. 355, (31 N. W. Rep. 351,)

and reaffirmed in *Gilfillan* v. *Chatterton*, 37 Minn. 11, (33 N. W. Rep. 35,) that these certificates must be executed within a reasonable time after the sale. The views of this court, clearly expressed in each of those cases, foreclose all argument upon the proposition that this need not be done for months after a reasonable and necessary period of time has elapsed.

Order affirmed.