WILLIAM VANDERLINDE and another *vs.* A. O. CANFIELD and others.

May 31, 1889.

**Tax Sale under Laws 1874—Requisites of Sale and of Certificate.—**
Upon a tax-judgment sale made by the county auditor under Laws 1874,
it was necessary that the certificate issued to a purchaser or to the state
should recite that each tract or parcel was first offered to the bidder who
would pay the amount for which it was to be sold for the shortest term of
years, etc. This was a matter of substance, and a certificate which did
not show on its face that this provision of the statute in respect to the
sale had been complied with is invalid, and no evidence of title. It can-
not be helped by parol evidence, and is insufficient to set the statute of
limitations in motion.

**Same—Void Certificate Admitted without Objection—New Trial Prop-**
**erly Granted.—**Where such certificate was admitted in evidence, and
the particular defect overlooked at the trial, it was not error for the court
to grant a new trial on the ground of the insufficiency of the evidence to
show that the party claiming under such tax certificate had acquired title,
though the adverse party had consented to its admission as evidence un-
der a mistake of its legal effect.

Action to determine adverse claims to unoccupied land in Wright
county. Defence title in defendants under tax judgment, sale to the
state, and assignment to defendants' grantor. At the trial, before
*Lochren*, J., in June, 1888, the defendants introduced the tax judg-
ment, entered August 10, 1874, in proceedings to enforce payment of
real-estate taxes delinquent June 1, 1874, (which was objected to as
incompetent for want of proof of jurisdiction to enter it,) and then
offered the auditor's certificate, dated September 26, 1874, conveying
the land to the state, and reciting that it had been bid in for the state
for want of other bidders at the tax-judgment sale held on that day.
To this the plaintiffs objected, on the ground that no proof had been
made of authority to enter the judgment, but they admitted that the
certificate was *prima facie* evidence of the regularity of the sale. The
objection was thereupon overruled, and the certificate admitted.
The defendants having proved an assignment by the state to their
grantor, and conveyance from him to themselves, and that there had

been no redemption, the court ordered judgment in their favor.    On plaintiffs' motion a new trial was granted (on terms) for insufficiency of the certificate, the defect being an omission of the recital (Laws 1874, c. 1, § 124) that the land "was first offered to the bidder who would pay the amount for which the same was subject to be sold for the shortest term of years in said piece or parcel," the court holding that the certificate, though admitted in evidence, was void on its face, and hence insufficient to show title in the state or in defendants claiming under the state, and that the defect could not be cured by parol evidence nor by plaintiffs' admission.   The defendants appeal from the order granting a new trial.

*A. C. Brown,* for appellants.

*Joseph T. Avery,* for respondents.

VANDERBURGH, J.    The plaintiffs were owners of the legal title of the premises, and still continue to be such, unless the defendants have acquired title through a state-assignment certificate issued under Laws 1874, c. 1, § 129, by the auditor of the county of Wright. The land was bid in for the state, and the principal question upon this appeal is the sufficiency of the certificate of sale issued to the state, and the effect of its admission in evidence.   It was issued upon the sale for delinquent taxes levied in 1873, made August 10, 1874. The certificate is set out in full in the record, and the respondents claim that it is defective in matters of substance, and not in conformity with the statute then in force.   Laws 1874, c. 1, § 124.    The certificate required by that section is an essential muniment of title, and, in order to become operative as a conveyance, it is necessary that it should appear therefrom that the provisions of law in respect to the sale have been complied with, as recited in the statutory form. *Philbrook* v. *Smith, supra,* p. 100; *Gilfillan* v. *Hobart,* 35 Minn. 185, (28 N. W. Rep. 222.)   It is made the evidence of the sale, and passes "to the purchaser or the state the estate therein expressed, without any other act or deed whatever."    It depends for its force and validity upon the statute, and it is only "such certificate" as the statute directed to issue that amounts to a conveyance under the tax judgment and sale, and that is made *prima facie* evidence that all the requirements of law with respect to the sale have been complied with.

The act of 1874, § 123, required the auditor to offer each piece or parcel to the bidder who would pay the amount for which it was to be sold for the shortest term of years, and the certificate (§ 124) was required to recite the fact that such offer was so made. In the certificate in question there is an entire omission of any such recital. It is therefore defective in a particular which the legislature made a matter of substance, and it follows that it is invalid as a statutory certificate of sale and conveyance, and was incompetent evidence for any purpose in the case. *Gilfillan* v. *Hobart, supra*; *Farnham* v. *Jones,* 32 Minn. 7, (19 N. W. Rep. 83.) It could not be aided by parol evidence, and it was too late to obtain a new certificate.

This certificate, if the proper objection had been made, would undoubtedly have been rejected, when offered as evidence. The only difference, however, is that in that case the court would have ruled it to be incompetent, while now in determining its legal effect it is held to be invalid. It is only upon the production of the statutory certificate in legal form that the burden of proof is shifted, and, in the absence of such certificate, there was no proof of a completed sale, and none that the title had passed out of the previous owners, and hence there was nothing to set the three-years limitation provision in motion. *Farnham* v. *Jones, supra,* and cases; *Sanborn* v. *Cooper,* 31 Minn. 307, (17 N. W. Rep. 856.) It is evident that this defect was overlooked by counsel for the plaintiffs and the court at the trial, and the objection to its reception made on other grounds was overruled. It was therefore assumed to be *prima facie* evidence that the provisions of law in respect to the sale had been complied with, and the plaintiffs' attorney conceded at the trial that such was its legal effect. The court rendered judgment for the defendants upon the assumption that the certificate was regular, and afterwards granted plaintiffs' motion for a new trial, upon terms. In this we think there was no legal error. The admission of the plaintiffs' counsel did not relate to any matter of fact. The defendants were not prejudiced. The parol evidence which they proposed to offer in connection with the certificate was incompetent, and presumably would not have been received. The evidence did not support the findings and judgment, and, in so far as the effect of plaintiffs' admission is concerned, it was

no abuse of discretion in the trial court to disregard it, and grant a new trial, in view of the mutual misapprehension and mistake of the court and counsel.

Order affirmed.