## A. D. W. SMITH v. LILLIE LAMBERT.[1]

May 21, 1897

Nos. 10,618—(106).

### Taxation—Certificate of Sale—Validity—Time of Execution.

A certificate of sale, required to be issued by the county auditor to a purchaser at a sale of lands forfeited to the state, under the provisions of Laws 1881, c. 135, is not valid unless executed at the time of the sale, or within a reasonable time thereafter.

### Same.

It must be *held*, as a matter of law, that such a certificate was not executed or issued within a reasonable time, where it simply appears that the county auditor, of his own motion, or at the request of the purchaser, executed the same more than 2 1-2 years after the sale, and more than 2 1-2 years after he had issued a certificate—invalid on its face—which had been accepted by the purchaser.

Appeal by defendant from a judgment for plaintiff entered in the district court for Pine county, Williston, J. Reversed.

*J. F. Fitzpatrick,* for appellant.

The deed first issued is void under the decisions of this court in Farnham v. Jones, 32 Minn. 7, and Brown v. Setzer, 39 Minn. 317. The county auditor had no power to issue the second certificate. A certificate of the sale is one of the elements of the sale, and the law contemplates that it should be issued at the time of the sale. Stewart v. Minneapolis, 36 Minn. 355; Gilfillan v. Chatterton, 37 Minn. 11; Kipp v. Hill, 40 Minn. 188; Bennett v. Blatz, 44 Minn. 56. Citing also Reed v. Merriam, 15 Neb. 323; Thompson v. Merriam, 15 Neb. 498, and Baldwin v. Merriam, 16 Neb. 199.

[1] Reported in 71 N. W. 381.

*S. G. L. Roberts,* for respondent.

If a sale is properly conducted, and the auditor executes a defective certificate, there can be no question of his right and duty to execute a second and correct certificate; that if he neglects or refuses to do so he may be compelled by mandamus, and that he may voluntarily do what he may be required to do by mandamus. Especially would the above propositions be true where, as in the case at bar, the rights of no one were invaded by the issuance of the second certificate. McCready v. Sexton, 29 Iowa, 356; Parker v. Sexton, 29 Iowa, 421; Hurley v. Street, 29 Iowa, 429; Genther v. Fuller, 36 Iowa, 604; Gould v. Thompson, 45 Iowa, 450; Maxcy v. Clabaugh, 1 Gilman, 26; Woodman v. Clapp, 21 Wis. 350; Douglass v. Nuzum, 16 Kan. 515. But conceding for the sake of argument, that under the forfeited sale the certificate must be executed within a reasonable time, the second certificate should be substained because of the presumption in favor of the authority of the auditor arising from the lapse of time. Sinclair v. Learned, 51 Mich. 335; Rowan v. Lamb, 4 Greene, 468; Sanborn v. Mueller, 38 Minn. 27.

COLLINS, J. Action to determine an adverse claim to 120 acres of vacant and unoccupied land. The defendant held the patent title, while the plaintiff's rights depended upon the sufficiency and validity of a tax certificate of date June 23, 1884, issued by the auditor of Pine county to one Smith, as hereinafter stated. The findings of fact are not questioned.

At a tax sale in said county under and in pursuance of the provisions of Laws 1881, c. 135, the auditor sold to said Smith the tract of land in question, and other tracts. Of date October 1, 1881, the auditor issued a certificate of such sale, under his official hand and seal, which did not conform to the facts, but in which it affirmatively appeared that all of these tracts, including that in controversy, were sold as one parcel of land, and as a whole, for a stated sum of money. This certificate was recorded November 10, 1881. It was invalid, and was not evidence of title in Smith, under the decisions of this court in Farnham v. Jones, 32 Minn. 7, 19 N. W. 83, and later cases. On the 23d of June, 1884, and, as was recited therein, for the purpose of correcting the former certificate and making it conform to the facts, the same person, as auditor, and under his official hand

and seal, issued and delivered to Smith another certificate; and, for the purposes of this decision, we assume that this second certificate was in form valid, and evidence of title in Smith of the tract in dispute, and other lands therein described, although this is controverted in this action. This certificate was recorded September 22, 1884.

On these facts the court found, as conclusions of law, that the second certificate was issued and delivered within a reasonable time after the sale in 1881, and that plaintiff, as Smith's grantee, was the owner in fee of the 120 acres. We are obliged to hold that the facts found did not support these conclusions. None of the cases heretofore before this court are directly in point, but in Stewart v. Minneapolis, 36 Minn. 355, 31 N. W. 351, the plaintiff claimed title to real property through an assignment from the state in January, 1877, of rights acquired by a purchase by the state at a tax sale made in January, 1875. No certificate of sale to the state was executed until November, 1882, and then by an auditor who was not in office when the tax sale was made. The court held that the certificate issued in 1882 was so issued without authority, and that the statute, Laws 1874, c. 1, contemplated that the certificate of sale should be made as a part of the proceedings in connection with the sale itself, and therefore within such reasonable time after the sale as might be necessary to enable the auditor to perform this duty. In Gilfillan v. Chatterton, 37 Minn. 12, 33 N. W. 35, defendant, to show title to land in himself, relied upon a certificate executed June 14, 1886, upon a tax sale held January 2, 1875. This certificate was also issued by a successor in office to the auditor who made the sale. It was stated in the opinion, citing Stewart v. Minneapolis, supra, that the auditor who made the certificate had no authority to execute it, and it was therefore of no effect.

In Kipp v. Hill, 40 Minn. 188, 41 N. W. 970, the land involved was bid in by the state at a tax sale held December 22, 1874. The state assigned its right to one L. on November 18, 1876. No certificate to the state was made until the day last mentioned. It did not appear in the case whether the auditor who made the sale continued in office, and executed the assignment and the certificate some two years later, or whether the latter instruments were executed by a successor in office. The trial court found as a fact that the auditor making the

sale could have, by the exercise of reasonable diligence, executed all of the certificates required within eight weeks after the day of sale, and that the period of eight weeks was all of the time reasonably necessary within which to prepare and execute the tax certificates. The findings and conclusions of law that the certificate was of no effect were upheld, the cases heretofore mentioned being cited as authority for holding that the certificates must be issued within a reasonable time after the sale. No valid reason can be given for holding that tax certificates required to be issued under the provisions of Laws 1881, c. 135, should be excluded from the operation of the well-settled rule. None is suggested; except that sales made under the provisions of chapter 135 were final, no redemption being permitted, and, further, that the auditor who made the second certificate in the case at bar was the person who, as auditor, made the sale and the first certificate.

While in the opinion in Stewart v. Minneapolis, supra, reference was made to the fact that redemption might be made from the sale then under consideration, and that the auditor who made the certificate had gone out of office, the conclusion was not influenced by either of these facts. It was wholly based upon other considerations, which were well stated in the opinion, need not be repeated here, and are as convincing and potent in case of a sale of forfeited lands under the statute of 1881 as they are in a case arising out of an ordinary tax sale. So the only question now is, was the conclusion that the issuance of the second certificate was within a reasonable time justified by the facts as found? It is impossible to lay down a general rule on the subject, but we are clearly of the opinion that, as a matter of law, it must be held that a certificate executed, as this was, by a county auditor, of his own motion, or at the request of another person, more than 2 1-2 years after a sale of forfeited lands under the law of 1881, and more than 2 1-2 years after a certificate, invalid on its face, had been issued by the auditor and accepted by the purchaser, was not executed or issued within a reasonable time. On the facts as found, judgment should have been ordered in favor of defendant.

The judgment appealed from is reversed, and the court below is ordered to amend its conclusions of law in conformity with this decision, or to grant a new trial, as it deems proper.