SECURITY INVESTMENT COMPANY v. WILLIAM H. BUCKLER.

May 12, 1898.

Nos. 11,120—(227).

**Real-Estate Tax Judgment—Failure to Date—G. S. 1894, § 1585.**
Under G. S. 1894, § 1585, a judgment to enforce the payment of delinquent taxes on real estate which is not dated is invalid.

**Action to Test Tax Sale, etc.—Repeal of Limitations of Three Years —G. S. 1878, c. 11, § 85; Laws 1887, cc. 60, 127.**
The provisions of G. S. 1878, c. 11, § 85, to the effect that an action in which the validity of a tax sale is called in question must be brought within three years from the date of the sale, were repealed by Laws 1887, cc. 60, 127, at least in so far as they applied to actions to set aside and cancel a tax sale, or to "test the validity of the tax sale and tax judgment," and such action may be brought at any time.

Appeal by defendant from a judgment of the district court for

Ramsey county, in favor of plaintiff, entered in pursuance of the findings and order of Otis, J. Affirmed.

*S. A. Anderson* and *F. W. Zollman,* for appellant.

*Horton & Denegre,* for respondent.

BUCK, J.

The plaintiff is a corporation organized under the laws of this state, and is the owner in fee simple of the property described in the complaint, viz. the south half of lot 15 in block 67 in Dayton & Irvine's addition to St. Paul, in Ramsey county. Proceedings were had in the district court of said county to enforce the payment of delinquent taxes on said real estate for the year 1891, and a judgment in due form, save that the same was not dated, was entered against the said real estate in the real-estate tax judgment book kept by the clerk of said court. Assuming to act pursuant to said alleged judgment, the auditor of said county, after notice, offered said premises for sale at his office in said county on May 1, 1893, according to law, and sold the same to the defendant for the sum of $42.75, and then and there executed and delivered to the defendant a certificate of sale therefor under his hand and official seal. More than three years elapsed since said sale before this action was commenced. There was no redemption from said tax sale. The trial court held that the so-called "tax judgment" for the taxes of 1891 against real estate, and the tax certificate issued thereunder to the defendant, were null and void.

Upon this appeal only two questions are involved. First. Had the statute of limitations run against the right of the plaintiff to bring this action to test the invalidity of the tax sale? Second. Was the sale invalid by reason of the failure of the clerk to date the judgment?

The explicit and mandatory provisions of the statute control both questions, and leave no doubt as to the law upon the subject. G. S. 1894, § 1585, provides a form to be used for the entry of judgment in cases of proceedings of this kind, and then follows this language:

"Such judgment shall be entered by the clerk in a book to be kept

by him, to be called the 'Real-Estate Tax Judgment Book,' and shall be dated and signed by the clerk."

Whether such a requirement as dating the judgment is a useless one is not for this court to determine. If evil consequences follow our holding the judgment null and void by reason of the failure of the clerk to date the judgment, the responsibility rests elsewhere, and not with this court. The law is mandatory, and not directory; and hence the omission to date the judgment renders it and the proceedings thereunder absolutely invalid. This court so held in Gilfillan v. Hobart, 35 Minn. 185, 28 N. W. 222.

The provisions of G. S. 1878, c. 11, § 85 (see G. S. 1894, § 1594), to the effect that an action in which the validity of a tax sale is called in question must be brought within three years from the date of the sale, were repealed by Laws 1887, cc. 60, 127, at least in so far as they applied to actions to set aside and cancel a tax sale, or to "test the validity of the tax sale and tax judgment," and such action may be brought at any time.

Judgment affirmed.