### JUDSON A. STANTON v. A. R. DAVIDSON.[1]

January 21, 1910.

Nos. 16,316— (63).

**Tax Judgment Void.**

> In proceeding under chapter 322, Laws 1899, a judgment is void on its face which fails to state that the list of lands filed and published was a list of the taxes delinquent in the year 1897, and prior years, not barred by the statute of limitations.

. Action in the district court for Morrison county to determine adverse claims to certain unoccupied real estate. At the trial it was stipulated that defendant purchased the land at the forfeited sale in 1900. The case was tried before Taylor, J., who made findings of fact and as conclusion of law found that plaintiff was the owner in fee simple of the real estate in dispute. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*E. P. Adams,* for appellant.

*Stewart & Brower,* for respondent.

LEWIS, J.

Action to determine adverse claims to real estate, brought by the owner of the fee. Appellant's 'title depends upon the validity of a

[1]Reported in 124 N. W. 244.

tax judgment entered March 21, 1900, claimed to have been entered in proceedings for the enforcement of taxes delinquent in the year 1897, and prior years, as provided by the "clearing-up act" (chapter 322, p. 410, Laws 1899).

The material part of the judgment necessary to consider reads:

"In the matter of the proceedings under an act entitled 'An act to enforce the payment of taxes which became delinquent in and prior to the year one thousand eight hundred ninety-seven (1897)' for the county of Morrison and state of Minnesota.

"A list of pieces or parcels of land within said county and state aforesaid * * * has been duly filed in the office of the clerk of this court, and the notice and list having been duly published as provided by law, and the 20th day of March, 1900, having passed, and no answer having been filed by any person, company or corporation, to the taxes upon any of the pieces or parcels of land hereinafter described."

The essential part here of the 1899 act consists of sections 1 and 2 (page 411):

"Section 1. At the time of making the list of delinquent taxes for the year 1898, as required by section 1579, General Statutes of 1894, the auditor of each county shall make out and append to such delinquent list a list of all taxes upon real estate in the county which appear to have become delinquent in the year one thousand eight hundred and ninety-seven (1897), or any prior year or years and have not been satisfied by payment, redemption or sale of the real estate to actual purchasers. Such list shall include all taxes not barred by the statute of limitations upon any real estate which may have been at any tax sale struck off to, or declared to be forfeited to the state, whether such sale or forfeiture was valid or invalid; and it shall also contain a description of each piece or parcel of land upon which such taxes shall not have been paid or satisfied as aforesaid, and opposite such description the name of the owner to whom assessed, if known, and if unknown shall so state, and the amount of taxes, principal and interest, due thereon, according to the provisions of this act:

"Sec. 2. The same proceedings shall be had with reference to advertisement, judgment and sale of the property described in such forfeited lists, as are required by the general tax law for advertisement, judgment and sale of property described in the regular delinquent list, but separate tax judgment and copy tax judgment books shall be provided for the forfeited lists."

The delinquent list in proceedings under the 1899 act was required to be appended to the list of delinquent taxes for the year 1898, and for all jurisdictional purposes became a part of that list. The filing of the list with the county clerk, and its publication, with notice, were jurisdictional prerequisites to a valid judgment. A tax judgment which shows these jurisdictional facts upon its face is presumed to be valid, and constitutes presumptive evidence that the list and notice were duly published. These are elementary propositions.

Section 1585, G. S. 1894, required that the judgment state substantially the facts required by the form therein prescribed; that is, the jurisdictional facts, not necessarily matters of procedure after jurisdiction was acquired. Kipp v. Collins, 33 Minn. 394, 23 N. W. 554; Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219. This rule is recognized in Hoyt v. Clark, 64 Minn. 139, 66 N. W. 262, and applies to a tax certificate. Gilfillan v. Hobart, 35 Minn. 185, 28 N. W. 222. Such a judgment was held invalid under section 1585, G. S. 1894, because it bore no date. Security Investment Co. v. Buckler, 72 Minn. 251, 75 N. W. 107. Tax judgments are strictly construed. Tidd v. Rines, 26 Minn. 201, 2 N. W. 497; Collins v. Welch, 38 Minn. 62, 35 N. W. 566. In proceedings under chapter 322, Laws 1899, all tax judgments entered prior to 1898, not barred by the statute of limitations, must be included in the delinquent list, and are open to the same defenses applicable, had the act of 1899 not been passed. State v. Ward, 79 Minn. 362, 82 N. W. 686.

The judgment in question states that a list of parcels of land had been filed in the office of the clerk of the court, and that the list and notice had been duly published; but there is no statement that the list consisted of taxes delinquent in the year 1897, or prior years. The

reference to lands against which a judgment for taxes had been entered under the provisions of chapter 322, Laws 1899, is incomprehensible. Taken literally, it would appear that a judgment had already been entered in some other proceedings against the same lands for the same delinquent taxes. If permissible to construe this language to apply to the proceedings then pending and to the judgment then being entered, the essential jurisdictional fact that the list consisted of taxes delinquent in 1897, or prior years, not barred by the statute, would still be lacking. The essential facts cannot be supplied by conjecture, but must appear upon the face of the judgment in plain, direct and unmistakable terms.

Affirmed.