GOLDEN VALLEY COUNTY, a Municipal Corporation, Respondent, v. J. A. MILLER, Appellant.

(220 N. W. 839.)

Opinion filed July 23, 1928.

*J. A. Miller* and *Crawford, Cain & Burnett,* for appellant.

102

*Keohane & Oppegard* and *H. L. Halliday,* for respondent.

Burr, J. The plaintiff seeks to quiet title to Lot 6, Block 3 of the original townsite of Beach, and in the complaint alleges that it is the owner in fee of the said property and that the defendant Miller claims an interest therein.

The defendant Miller says that at one time he was the owner of the property involved; that the plaintiff claims to be the owner on account of a tax deed issued by the auditor of Golden Valley county; that the tax deed is void in that the assessments and taxes levied upon the property, the basis for the tax deed, were in excess of the amount permitted to be levied and that before the issuance of the tax deed he received no notice of expiration of the time of redemption.

There is practically no dispute in the evidence. The defendant was the owner of the real estate in the year 1918 and in that year taxes were levied amounting to $78.42. The taxes for subsequent years are as follows:

Taxes for 1919 in the sum of ......................... $ 99.48
Taxes for 1920 in the sum of ......................... 94.65
Taxes for 1921 in the sum of ......................... 125.24
Taxes for 1922 in the sum of ......................... 122.55
Taxes for 1923 in the sum of ......................... 84.41
Taxes for 1924 in the sum of ......................... 80.00
Taxes for 1925 in the sum of ......................... 82.14
Taxes for 1926 in the sum of ......................... 84.64

in all $851.53, without interest. The premises were sold for the 1918 taxes and on the ninth day of December, 1919 a tax certificate was issued to the county, and the county is still the owner of this tax certificate. On February 2, 1926, the county proceeded to perfect title and purported notice of expiration of the period of redemption was served upon the defendant. The only signature to this notice is a line for a name with the word "County Auditor" thereunder. Thereafter the tax deed was issued. Defendant admits he received this notice but ignored it, having come to the conclusion that it had no legal effect. He admits he has paid none of the taxes for the years 1918 to 1926 inclusive.

The contention of the defendant is that the assessment for 1918 was in excess of that allowed by law in that the State levy was four and three-tenths mills. There is nothing in the evidence to show that this levy was illegal. It is true the state levy is limited to four mills for state purposes (Const. § 174) but there is nothing to indicate that the excess is not for interest on State debts permitted by the same section. The defendant made no attempt to show what the "excess rate" was for. We do not assume illegal action on the part of officials.

Before the tax deed could issue, however, defendant was entitled to notice of the expiration of the time of redemption. No such notice was served upon him. The trial court assumed that the printed word "county auditor" was sufficient signature especially as the "notice" says: "I, Wm. G. McConkey, County Auditor of Golden Valley County, North Dakota, hereby give notice, etc." and is addressed to the defendant. This was served personally on the defendant by the sheriff and the defendant received it as a notice, examined it as such and concluded it was not sufficient to comply with the law. The record shows the county auditor gave this "notice" and a copy to the sheriff for the purpose of serving the same on the defendant, but fails to show he adopted the printed words "county auditor" as his signature, or intended them as such. We cannot construe this notice as being one signed by the auditor. True there are two forms of notice of expiration of the time of redemption set forth in § 2202 of the Supp. and that as to the first there is the explicit statement the auditor "shall prepare under his hand and official seal" such notice, whereas, regarding the second form no such mandatory statement appears, and

it is the second form which is involved here. But there can be no official notice wthout the signature and seal. There is a purported seal, but no name signed. The statutory requirements relating to tax sales are construed strictly. Trustee Loan Co. v. Botz, 37 N. D. 230, 164 N. W. 14.

The plaintiff points out that under the provisions of § 2206 of the Code the tax deed is to be considered "prima facie evidence of the regularity of all the proceedings from the assessment and valuation of the land by the assessor up to the execution of the deed." But its validity depends, in the last analysis, "upon the full and complete compliance with the provisions and requirements of law relative to the sale of property for taxes." Trustee Loan Co. v. Botz, supra. When plaintiff presented the deed, the court, in the absence of any attack, would have been justified in concluding the prior proceedings regular; but in this case there is an attack made upon the notice required to be given to show the expiration of the time of redemption. This attack being successful the deed cannot be considered as in any way controverting this attack. We conclude the deed is void because of the failure to give the required notice.

Though the deed be void the tax lien is not destroyed. The plaintiff has not been successful in quieting title so as to cut off any interest of the defendant but the state has shown it has a tax lien for $851.53 with interest, being for the taxes for the years 1919 to 1926 inclusive. To this amount is added the costs of the tax sale. The defendant attacked this amount. Upon giving the proper notice the plaintiff is entitled to a tax deed unless the land be redeemed. In case the defendant redeems he is entitled to deduct the costs of this action from the amount necessary to redeem. The lower court will ascertain the amount of such cost, and in case no redemption is made neither party is entitled to costs.

The judgment of the lower court is modified in accordance with this decision and as thus modified is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.