HARRY CLOOTEN and Goldie Clooten, Respondents, v. J. A. WANG, Farmers & Merchants State Bank of Driscoll, a Corporation, and L. R. Baird, Receiver of the Farmers & Merchants State Bank of Driscoll, North Dakota, Appellants.

(224 N. W. 198.)

794

Opinion filed January 19, 1929.   Rehearing denied April 5, 1929.

*Zuger & Tillotson,* for appellants.

*F. E. McCurdy*, for respondents.

BURR, J. This is an action to determine adverse claims. In 1917 one Tilton was the owner of the land and in May of that year he and his wife made, executed and delivered a mortgage on this land to the Farmers and Merchants State Bank of Driscoll to secure the sum of $1,200 and interest. This mortgage was recorded the following June and thereafter assigned to J. A. Wang, one of the defendants, and the assignment was recorded July 1917.

At the same time Tilton gave another mortgage on said land to the same bank. This mortgage was recorded the following February, and there being default in the payment of the amount due, the mortgage was foreclosed in October 1924 and was sold to the bank for $559.23.

No redemption was made and so the bank became entitled to a sheriff's deed on October 31, 1925, but no sheriff's deed was ever issued. The bank became insolvent and the defendant Baird is the receiver in charge thereof.

December 13, 1921 taxes were due and at the tax sale the land was struck off to the county of Burleigh for $56.15 taxes, penalties, etc. Shortly after the tax sale the county auditor prepared for the said county a certificate of tax sale. This certificate was on the usual blank form prepared for such occasions, a quantity of the same being bound together in one book. The certificate was filled out with the description of the property, the name of the purchaser, and the date, and is proper in all respects, except that through some oversight it was not signed by the county auditor, and never has been signed.

In December 1925 a notice of the expiration of the time to redeem from tax sale was issued and delivered to the sheriff for service. The record shows that by this time Tilton was dead, and Harry Clooten, one of the plaintiffs was a tenant in possession of the land under a lease agreement with the bank involved. The notice of expiration of time for redemption was served upon Clooten as being the one in possession of the land, and no redemption being made a tax deed was issued to the county. In May 1926 notice of public sale was given under the provisions of section 2202 of the Supp. to the Code, and thereafter the land sold by the county to one Dorothy Julius sister-in-law of Harry Clooten, for $500. The record indicates that Clooten furnished the purchase money. Thereafter Dorothy Julius conveyed the land to the plaintiff Harry Clooten.

Plaintiffs then commenced this action to determine adverse claims and ask that any claims which the defendants may set forth "be declared null and void and that the defendants and each of them be forever debarred and enjoined from further asserting the same," etc. The defendant Wang prays judgment that his mortgage be declared a lien upon the land subject to any lien for taxes which the county of Burleigh may have against said land, and tenders and offers to pay whatever taxes there may be due under the sale. The receiver asks judgment to the effect that the bank is the owner of the land under its foreclosure sale and is entitled to a sheriff's deed subject to any lien for taxes which the county of Burleigh may have upon the land, and

tenders and offers to pay the same. It is claimed in the answers that there were numerous irregularities in the question of listing, assessment and notice given prior to the time of the tax sale but we need not consider these objections.

The district court held defendants had no interest in the land, and quieted title in the plaintiffs. The defendants appeal, demanding a trial de novo.

The real issue in this case is the validity of the certificate of tax sale and the effect that any invalidity thereof may have upon the subsequent proceedings.

It is well established in this jurisdiction that "the law governing the issuance of tax deeds must be construed strictly." Golden Valley County v. Miller, ante, 101, 220 N. W. 839; Trustee Loan Co. v. Botz, 37 N. D. 230, 164 N. W. 14. This is based on the principle set forth in Ward v. Carson River Wood Co. 13 Nev. 44, that, "where property is sold for taxes in a summary manner, without any legal proceedings in a court of justice, it is essential that all the requirements of the law be strictly complied with." As said in 26 R. C. L. 397, "No distinction is drawn between mandatory and directory requirements of law."

In Beggs v. Paine, 15 N. D. 436, 109 N. Y. 322, relative to a tax deed, this court said:

"The statute by prescribing the form, has thereby made every fact recited in the form a matter of substance" even though the statute requires "only a substantial conformity thereto."

Hence, though the statute says the certificate shall be substantially in the following form, nevertheless the signature cannot be omitted. In Stanton v. Davidson, 109 Minn. 510, 124 N. W. 244, this requirement of substantial compliance is held applicable to tax judgments, under a statute requiring such judgment to state substantially the facts required by the form therein prescribed; "that is the jurisdictional facts, not necessarily matters of procedure after jurisdiction was acquired."

Philbrook v. Smith, 40 Minn. 100, 41 N. W. 545, holds the one claiming title under tax sale must show that all the provisions of law in respect to sale have been complied with.

Section 2192 of the Compiled Laws, being the law in force at the time of the tax sale, says:

"The auditor shall execute to the purchaser of any piece or parcel of land a certificate which may include all lands sold to him and which must be substantially in the following form, etc."

This form prescribed provides for signature and attestation as follows:

"In Witness Whereof I have hereunto set my hand and seal this —— day of —— A. D. 19—.

"Auditor."

In the case of Gibbs v. Dortch, 62 Miss. 671, the court held that the failure to sign certified list of lands was not fatal when the body of the certificate said "I, F. M. Sheriff and Tax Collector." In the body of the opinion (page 675 of 62 Miss.) the court says:

"A tax collector's certificate to a list of lands sold to the state made under . . . . the act . . . which provides that such 'list shall be certified under his hand to be correct' is not defective because the name of the collector is not subscribed thereto but appears only on the body thereof as 'I, F. M., Sheriff and Tax Collector of' a certain named county 'do hereby certify' " etc.; but this was because "all the statutes require is a certified list of the lands struck off by the tax collector to the state, etc. It must be certified by the tax collector, but whether his name appears in the beginning or at the end of the certified list is not material. . . ."

We cannot assent to the holding that the printing of the name of the officer in the body of the instrument is such a signing of the certificate of sale as is contemplated by the statute. The form being prescribed by statute there must be a substantial compliance therewith. In the case at bar said certificate of sale was not signed by the auditor in any manner or form and therefore the certificate of sale was a nullity. In Golden Valley County v. Miller, supra, we held: "A purported notice of the time of the expiration of the period of redemption which does not bear the signature of the county auditor is of no effect." This was under a statute which prescribed a form for notice of the expiration of the period of redemption § 2202 of the Supplement to the Code. We held that because of the failure to sign there was not

a substantial compliance with the statutory requirements and so the failure to sign this alleged certificate of sale renders the certificate void. In other words there was no certificate of sale issued as is required by statute.

It is urged that the tax certificate is "prima facie evidence that the requirements of law with respect to the sale have been duly complied with" (Comp. Laws, § 2193); but, of course, this cannot apply in the case where the purported certificate is void for want of signature. Golden Valley County v. Miller, supra. The respondents urge that the record shows everything required to be done to effectuate the instrument was done except the signing; that the signing was merely a ministerial act—"a signed history of it"—that whatever proof is indicated by a certificate is supplied by the record, and therefore the failure to sign the certificate is immaterial. Of course if we could dispense with the signature on the certificate we could dispense with the date and every other statutory requirement and then with the certificate itself.

That the law contemplates an issuance of a certificate of sale, even where the property is bid in by the county, is evident not only from the provision of § 2192 already quoted but also from an examination of § 2191 of the Compiled Laws for here the statute makes provision for subsequent assessment and taxation of property bid in by the county and provides that though subsequently assessed and taxed "such tract. . . . shall not again be offered for sale for such subsequent taxes unless the county has made an assignment of the certificate of sale," etc. Hence it is clear that where Section 2192 requires the auditor to "execute to the purchaser . . . a certificate" of sale such requirement extends to sales made to the county.

But the failure to issue the certificate does not invalidate the sale. There is a line of authority which holds that the failure to furnish a certificate of sale or an unreasonable delay in issuing the same renders the tax sale void. In Gilfillan v. Hobart, 35 Minn. 185, 28 N. W. 222, the certificate of sale was declared void because not dated. The statute under consideration in that case said the certificate of sale "may be substantially in the following form" and then provided for a date on the certificate. The court held the word "may" is here equivalent to "shall." The failure to date this certificate rendered it invalid.

This was cited and affirmed in Security Invest. Co. v. Buckler, 72 Minn. 251, 75 N. W. 107. Thereafter the county auditor issued a new certificate of sale and the matter came before the court again in Gilfillan v. Chatterton, 37 Minn. 11, 5 Am. St. Rep. 810, 33 N. W. 35, and the court held "a proper certificate of sale is essential to complete the sale, and that it must be executed at the time of the sale, or within such time thereafter as may be reasonably necessary for the purposes. One executed years afterwards is of no effect." This holding was followed in Kipp v. Hill, 40 Minn. 188, 41 N. W. 970; Smith v. Lambert, 68 Minn. 313, 71 N. W. 381. See also Stewart v. Minneapolis & St. L. R. Co. 36 Minn. 355, 31 N. W. 351.

In Vanderlinde v. Canfield, 40 Minn. 541, 42 N. W. 538, is a case where property was bid in by the state and a certificate of sale issued. The Minnesota law required the certificate to recite that the auditor had offered each parcel "to the bidder who would pay the amount for which it was to be sold for the shortest term of years" and the failure to so recite was held to render the certificate void and the sale null.

This failure to have a date in the certificate is important, McQuade v. Jaffray, 47 Minn. 326, 50 N. W. 234, says, because, "the sale was one from which there was a (right of) redemption."

The decisions of the Minnesota court seem to be based on the theory that the certificate of sale is a muniment of title, and necessary in order to transfer title. See Philbrook v. Smith, 40 Minn. 100, 41 N. W. 545.

On the other hand many courts hold that the interest is passed by the sale and not by the certificate. In People ex rel. Morgenthau v. Cady, 105 N. Y. 299, 11 N. E. 810, it is said:

"It is the sale which is the foundation for all subsequent proceedings. Upon the sale is based the right to convey the title to the purchaser when the time expires which will entitle him to the conveyance. . . . This formal written certificate may, perhaps, as a matter of fact be actually made out and delivered some time after the sale, . . . which relates back to that time, and in contemplation of law is then given and should be thus dated."

Thus it is urged that even if the certificate of sale be defective or no certificate has been issued nevertheless this does not render the subsequent proceedings void as the time of redemption rests upon the sale

rather than upon the issuance of the certificate, and that the issuance of the certificate is a ministerial act, and not an essential requirement.

In Bruno v. Madison, 38 Utah, 485, 113 Pac. 1030, Ann. Cas. 1913B, 584, the certificate was not issued until two and a half years after the sale. The court held that this delay did not invalidate the sale. However in Paco v. Wight, 25 N. M. 276, 181 Pac. 430, the court held the successor of an official could not make the required entries to the effect that land was sold and "struck off to the county" as he would not have personal knowledge of this fact. Other states hold that a delay in issuing a certificate does not invalidate the sale. See Otoe County v. Brown, 16 Neb. 398, 20 N. W. 641; Muirhead v. Sands, 111 Mich. 491, 69 N. W. 826; Hiltscher v. Jones, 23 N. M. 674, 170 Pac. 884; Pentecost v. Stiles, 5 Okla. 500, 49 Pac. 921. This seems to be based upon the theory noted by the Nebraska court that the failure to issue a certificate cannot prejudice rights of the owner of the land sold for taxes.

It becomes necessary to determine the necessity for a certificate because of the costs incurred up to the date of the tax sale. We believe the rule laid down in the Utah case, Bruno v. Madison, supra, is the better one, based upon sounder reasoning. Ordinarily failure to do an act required to be done subsequent to the sale should not invalidate the sale. The certificate is evidence of the sale, but is not a muniment of title. Hence delay in issuing the certificate should not invalidate the sale. Neither the tax debtor nor mortgagees have any cause for complaint, as the taxes are due, and superior to any claim they may have. Ordinarily it is the purchaser who may complain as he needs his certificate in order to get his deed. Were we dealing with a case where the time of redemption expired three years after the sale then we might hold that the certificate of sale is not an essential requirement and that a proper certificate could be issued at any time after the sale. Of course the presentation of the certificate is necessary in order to get the deed but this rule would permit the certificate be issued at any time.

Whether a certificate could be issued now we need not determine. The fact is no valid certificate has even been issued, and therefore the deed given by the county could not convey title. The statute makes the certificate of sale and its date an essential requirement for the

expiration of the time of redemption from sales to the county. The law dealing with the issuance of tax deeds in force at the time of the sale is § 2202 of the Compiled Laws of 1913, but by the time of the issuance of the tax deed this law had been amended as set forth in § 2202 of the Supp. Under neither section does a parcel of real property bid in by the county become absolutely the property of the county until after "three years from the date of the certificate of sale." Both sections say:

"All pieces or parcels of real property bid in for the county under the provisions of this chapter, and not redeemed or assigned within three years from the date of the certificate of sale, shall, upon the giving of the required notice of the expiration of redemption become the absolute property of the county," etc.

Hence it is that where real property is bid in by the county any one having a right to redeem may redeem the same within three years from the date of the certificate of sale. Our statute makes a difference between a redemption from a private party and a redemption from a sale to the county so far as the expiration of the time of redemption is concerned. In the former case it is "three years from the date of sale" (§ 2197 of the Code) and in the latter case "three years from the date of the certificate of sale." (§ 2202 of the Code.) Hence the necessity for a certificate of sale when the land is sold to the county.

Section 2197 of the Code says:

"If at said sale any piece or parcel of land shall be sold to a *purchaser* the same may be redeemed at any time within three years from the date of sale," etc.

Ordinarily the term "purchaser" in this section would include the county, and the time of redemption begin with the date of sale. This section was in force at the time of the sale. However at the same time that portion of § 2202, already given was in force. It is clear therefore that the term purchaser in § 2197 was not intended to include the county so far as setting the time of redemption running is concerned. Where the county is the purchaser the land bought does not become the absolute property of the county unless there is a failure to redeem within three years from the date of the certificate and unless the required notice of expiration of redemption has been given thereafter. The law in force at the time the tax deed was issued is the

law set forth in § 2202 of the Supp. and so far as the property becoming the absolute property of the county is concerned it was the same as it was at the time of the tax sale. Therefore under the provision of our statute, § 2202, it becomes important to have a valid certificate of sale, properly dated and signed as the period of redemption does not expire until three years "from the date of the certificate," and not after the date of sale as in cases where the land is sold to private individuals. No certificate of sale having been issued as yet the time for redemption has not expired and therefore the land sold did not become the property of the county. Hence the deed to Dorothy Julius does not convey title, and her deed to Harry Clooten gives no better title than she had.

Failure to issue the certificate of sale however, does not destroy the tax lien which the county has upon the land. In § 2201 of the Code it is provided that "in any action . . . to determine adverse claims to real estate no tax shall be set aside for any irregularities or defect in form," and § 2200 of the Code says, "Whenever any . . . certificate or tax deed . . . is adjudged to be void, unless the judgment declares the tax to be illegal, the tax . . . shall remain and be a lien upon the land sold. . . ." No serious claim is made that the tax is illegal. The county of Burleigh had a tax lien on this land for the full amount of the taxes assessed, and for which the land was sold in December 1921, including the costs of sale together with any subsequent taxes which may have been levied against the land. This tax lien is superior to any claims which the defendants may have.

The amount required to redeem is not affected by the consideration given by Dorothy Julius to the county. Those entitled to redeem must pay the taxes with interest, penalty and costs as provided by statute. The deed issued by the county auditor to Dorothy Julius is in effect an assignment by the county of its tax lien. The plaintiffs therefore have an interest in this land superior to that of the defendants by reason of the assignment of its tax lien. In this case defendants have tendered and offered to pay the amount of the tax due, and upon payment of the said taxes, interest, penalties and costs to the time of sale and such subsequent taxes as the law requires to be paid said tax lien will be extinguished and the payment is made a prerequisite.

The mortgage held by the defendant Wang is of the same date as.

the mortgage foreclosed. Both mortgages were issued to the same bank and one was assigned to the defendant Wang. The defendants have no controversy over their relative rights but the records introduced show that though both mortgages bear the same date the mortgage to defendant Wang was recorded in June 1917 and the assignment recorded in July 1917; whereas the mortgage held by the receiver and which was foreclosed by the bank was not recorded until February 1918. Under this foreclosure the receiver is entitled to a sheriff's deed.

As between the defendants therefore the right of defendant Wang is superior to that of the receiver. The plaintiffs have no right or interest in the land, other than the tax lien as assigned. The judgment of the lower court is therefore reversed and judgment will be entered in accordance with this opinion with costs of the defendants against the plaintiffs.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.