OTOE COUNTY, PLAINTIFF AND APPELLEE, v. WILLIAM A. BROWN, DEFENDANT AND APPELLANT.

1. **Taxes:** SALE: PURCHASE BY COUNTY. County commissioners are authorized to purchase at tax sale for the use of their respective counties, any real estate offered for sale, when the same remains unsold for want of bidders.

2. ———: ———: CERTIFICATE. Where a tax sale was made at the time required by law, but the tax certificate was not made until three months afterwards, the sale was held to be valid.

3. ———: FORECLOSURE OF LIEN BY COUNTY. After the time for redemption has expired, a county, after having given the notice to the land owner or occupant required by law, may bring an action to foreclose the tax lien, and may include all delinquent taxes whether accruing before or after the sale.

4. ———: LIEN: LIMITATION. The statute of limitations does not begin to run against a tax lien until the title acquired by the tax deed has failed.

5. Attorney's Fee. In the absence of a statute authorizing it, there is no authority in this state to allow an attorney's fee, and tax the same as costs in the action.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*C. W. Seymour* and *S. H. Calhoun*, for appellant.

*Watson & Wodehouse,* for appellee.

MAXWELL, J.

This action was brought in the district court of Otoe county to foreclose certain tax liens upon the real estate of the defendant. On the trial of the cause a decree was entered in favor of the plaintiff. The defendant appeals.

It appears from the record that in November, 1880, the treasurer of Otoe county offered the real estate in controversy for sale for the taxes due thereon for 1879, and it remained unsold for want of bidders; that thereupon the county commissioners of said county purchased the same for the county; that the taxes were delinquent upon said property for several years prior to the time of said purchase; that the aggregate amount of such delinquent taxes exceeds the sum of $200; that the taxes due thereon for the years 1880, 1881, and 1882 are also delinquent. It is sought in this action to foreclose the lien for all delinquent

taxes upon said real estate whether prior or subsequent to the sale above set forth.

The first defense relied upon in the defendant's brief is, that the county had no authority to purchase the real estate in question.

Sec. 1, art. III. of the revenue law (Comp. St., chap. 77), provides "That at all tax sales provided for by law the county commissioners of the several counties of this state may purchase for the use and benefit, and in the name of their respective counties, any real estate therein advertised and offered for sale when the same remains unsold for want of bidders," etc.

This provision clearly confers the authority to purchase, and sec. 1, art. IV., authorizes the commissioners at any time within five years from the date of sale to bring an action to foreclose the lien, "and to cause the tract or lot to be sold for the satisfaction thereof, and of all prior and subsequent taxes due thereon." The action can not be brought until after the time of redemption from the sale has expired, nor until notice has been given to the landowner to redeem. No question is made as to the notice being given, although it is said it was not sufficiently definite. But it seems to have been substantially in the form required by statute and was sufficient. The only object of the notice is to enable the owner or occupant of the land to pay the taxes and interest thereon without costs or expense. The landowner is not thereby precluded from redeeming at any time before the sale under the decree is confirmed; but the delay will subject him to the costs accrued at the time of redemption. The strict construction of tax proceedings contended for on behalf of the defendant applies alone to tax deeds, and will not be applied in actions in equity to enforce the lien. The constitution requires the burdens of taxation to be laid equally upon all taxable property in the state. All property is protected by the law, and should, unless exempt, contribute its pro-

portion of taxes towards the support of the government, and no court should upon merely technical grounds exempt property liable to taxation, and thus put a double burden upon other property. It is asserted by the attorneys for the defendant that the tax certificate was not in fact made until February, 1881, and that therefore the action was prematurely brought, but it is not claimed, nor does it appear, that the sale did not take place in November, 1880; nor does it appear that the defendant was prejudiced by the delay in making the certificate. The objection, therefore, is untenable.

It is claimed also that the sale of the land to the county was unauthorized, the language of the statute being " whenever the county commissioners of any county * * * have purchased or shall hereafter purchase any real estate for taxes of any kind delinquent for one year or more."

The evident meaning of this provision is, that when land has been sold for the delinquent taxes of one or more years, and the time of redemption has expired, an action may be brought to foreclose the tax lien. Not as contended that the taxes must be delinquent a year or more before a sale can take place.

It is claimed on behalf of the defendant that the statute of limitations has run against the liens. The question was before the court in *Bryant v. Estabrook*, decided at the present term, *ante* p. 217, and it was held that the statute did not commence to run against the lien until the title acquired by the tax deed had failed. The question was carefully considered in that case, and the authorities examined, and the conclusion reached, in our view, is correct. Counties that purchase lands for delinquent taxes are not required to take out tax deeds, but may proceed upon the certificate of purchase to foreclose after the expiration of the time to redeem. As the sale took place less than three years before the action was commenced it is not barred.

The court allowed the plaintiff's attorneys $180 as at-

torney fees, and taxed the same as costs.    The authority to allow attorney fees, and tax such fees as costs, in the absence of a statute has never existed in this state.    *Dow v. Updike*, 11 Neb., 95.    *Hardy v. Miller*, Id., 395.    We have no statute authorizing such fees, and the decree in that regard is reversed.    All that portion of the decree relating to attorney fees will be expunged, and in all other respects. it is affirmed:.

JUDGMENT ACCORDINGLY.

THE other judges concur.