## TILDEN v. DUDEN.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

TAXATION—SALE FOR TAXES—FAILURE OF SUPERVISORS TO FILE DUPLICATE CERTIFICATE.

Laws N. Y. 1874, c. 610, as amended by Laws 1880, c. 506, providing that, within 30 days after a tax sale, the supervisors by whom the sale was made shall file a duplicate certificate of sale in the office of the treasurer, is imperative, and a failure to file the certificate within that time renders the sale invalid.[1] *DYKMAN, J., dissenting.*

Appeal from circuit court, Westchester county; WILLARD BARTLETT, Justice.

This was an action of ejectment, brought by Milano C. Tilden against Hermann Duden, to recover a tract of land held by defendant as assignee under a tax lease. The sale for taxes was had under Laws 1874, c. 610, entitled "An act to authorize the sale of lands for non-payment of taxes, and for the collection of unpaid taxes in the several towns of the county of Westchester," passed June 6, 1874, and the acts amendatory thereof. Laws 1877, c. 193; Laws 1880, c. 506. The material portion of this act is given in the dissenting opinion of DYKMAN, J. Plaintiff claimed that the sale was invalid, in that the sale occurred October 7, 1884, and the supervisor's duplicate certificate, required by the act to be filed in the office of the treasurer within 30 days from the sale, was not filed until November 12, 1884. The court held that the statute was directory merely, and dismissed the complaint. Plaintiff appeals.

*D. J. Newland*, for appellant. *H. J. Stillman*, for respondent.

BARNARD, P. J. The proof shows that the certificate of sale was not filed within 30 days after the sale. By the express declaration of the act under which the sale was made, the sale is "invalid." The case is not one which comes within the authorities which hold the filing within a certain time to be directory only. If not filed, the sale is bad. The tax title must depend on a valid sale. Judgment reversed, and new trial granted; costs to abide event.

DYKMAN, J., (*dissenting.*) This is an action of ejectment, and the defendant justifies, and claims title to the premises, under a tax lease for the same. But one claim of irregularity is set up against the proceedings which eventuated in the law now held by the defendant, and that is this: by the law under which this property was sold, for the non-payment of taxes, within 30 days after every such sale, the supervisor by whom the sale was made is required to file a duplicate of the certificate of sale in the office of the county treasurer, and it is made the duty of the county treasurer to make an alphabetical index of such certificates—*First*, by the names of the several towns; and, *second*, by the names of the persons or corporations to whom the property sold was assessed; and no such sale shall be valid unless such certificate shall be so filed and indexed. In this case the duplicate certificate of sale was

---

[1] In Kipp v. Dawson, (Minn.) 17 N. W. Rep. 961, the question was as to whether the provisions of the statute concerning the date of the first publication of the delinquent tax-list were directory or mandatory. The court held that where the provisions of the statute as to the time when an act is to be done are intended for the guidance of the officer, to insure the performance of public business, and not for the protection of the rights of parties, they will be deemed directory; otherwise mandatory.

· not filed within 30 days in the office of the county treasurer, but it was so filed 36 days after the sale.     We think the statute respecting the time within which such duplicate certificate is required to be filed is directory, and that the failure to file the same within 30 days prescribed did not invalidate the sale.     The judgment should be affirmed, with costs.