HARRY  W.  PENTECOST  *et al.  Administrators,*  v.

JOSEPH STILES.

1. TAXATION—*Listing—Presumptions as to Regularity.* The law presumes that a taxing officer on whom is imposed a specific duty has regularly performed his duty, and that the proceeding in the required respect was regularly performed; and in an attack made against the levy and collection of the usual and ordinary taxes, on the ground that the assessment list was not taken by the required officer, it will be presumed that the listing was regularly done, until the contrary clearly appears.

2. SAME—*Listing—Assessment.* Under the statute of this territory, however, the listing of property for taxation is not a pre-requisite to a valid assessment. It is made the duty of the owner to furnish such list to the assessor, and the duty of the assessor to procure the list from the owner; but the list seems to be required only for the purpose of better enabling the assessor to know what the property is, and its value; and where the owner fails to furnish the list required by law; it is then the duty of the assessor to asssess the property from other sources of information.

3. CITY ORDINANCE—*Amendment.* In amending a section of a city ordinance it is not necessary to incorporate into the amendatory section the provision of the ordinance to be amended; but what is required is that the amending section shall contain the entire provision on the subject contained in the old section, and which it is desired to enact by the new section, thus leaving the former section as entirely repealed.

4. TERRITORIAL BOARD OF EQUALIZATION—*Proceeding.* The law does not require that the proceedings of the territorial board of equalization should be signed.

5. TAX SALE—*Publication of Notice.* The supreme court cannot say that proper notice for a tax sale was not given where the notice of the sale of the particular property is not brought into the record.

6. SAME—*Certificate.* The certificate of sale or lands for taxes required by the law to be executed by the county treasurer on making the sale, is for the benefit and protection of the purchaser, whether he be an individual or the county, and the failure of the treasurer to make and execute this certificate in no way affects the validity of the sale, which may be proven by other evidence, if the certificate is not issued.

*Error from the District Court of Logan County.*

Action to enjoin the issuance of a tax deed. Trial by the court, and judgment rendered 'for defendant, from which plaintiffs appeal. Affirmed.

*Fred M. Elkin*, for plaintiff in error.

No counsel appearing for defendant in error.

The opinion of the court was delivered by

BIERER, J.: This action was brought by Harry W. Pentecost and Samuel Murphy, as administrators of the estate of Francis R. McKennon, deceased, to enjoin the defendant from issuing a tax deed to certain real estate in the city of Guthrie. On trial had before the court, evidence was offered by the plaintiff, at the close of which the defendant interposed a demurrer to the evidence, which was sustained by the court, and judgment rendered for the defendant denying the injunction as prayed for.

It is claimed by the plaintiffs that there were a number of fatal irregularities in the assessment and levy of the taxes for the year 1892, and the sale of the property therefor, and upon which it is alleged the county treasurer was about to issue a tax deed to the property. These will be noticed in their order.

The first objection to the validity of the tax upon these several pieces of property is that the assessment was not made by the assessor, but was made by a deputy assessor; and it is claimed that under the statutes of this territory there is no provision of law for a deputy assessor; that the law requires the assessment to be made by the assessor, and no provision being made permitting his duties to be done by a deputy, that an assessment made by a deputy assessor is void. Such an objection made to the validity of a tax proceeding, if it were supported

by the facts, might perhaps be a serious one, but it is not now necessary for us to pass upon the question as to whether or not an assessment can be made by a deputy assessor, for the reason that the record does not show that this assessment was so made.   There is in the record what is termed an assessment list, but the list offered does not show what year it was for, nor when it was filed. There is nothing to show that this was the assessment list returned for that year, and nothing to show that there was no other assessment list returned.   The only thing presented to indicate that the list returned was the assessment list for that year is that the blank certificate to the affidavit, which is a part of the list, is filled in with the date February 17, 1892, and this is signed by "A. C. Potter, Deputy Assessor."   The list, however, is not signed by F. R. McKennon, whose assesement for some year not stated it purports to be; and as the list, when made, is, under the law, required to be both signed and sworn to by the person making the list, it is very doubtful whether this could in any respect by considered a list for assessment.   In any event, it certainly cannot be sufficient to overcome the presumption that the officer authorized by law performed his legal duty.   Besides, the statute provides that each owner of property shall make an assessment list, under oath, of his property subject to taxation, and shall in such list state the value of the property assessed; and if the owner of the property fails to do so, the law then makes it the duty of the assessor to assess the value of the property as best he can.   (Section 6134, Statutes 1890).   This assessment list appears by the statute not to be required as a necessary pre-requisite to a valid assessment, but it is required to be given in order that the assessor may have the statement, under oath, of the owner of the property, as to the

value of the property and which should be taken as the most appropriate evidence of what the property is worth. It is, however, as much the duty of the owner of the property to furnish this list to the assessor, and thus aid the assessor in his work of fixing property values, as it is for the assessor to procure the list from the owner. And the statute plainly directs that if the list is not furnished, either by neglect or refusal on the part of the owner of the property, then the assessor shall ascertain and estimate the value of the property from other sources and other means. And if the assessment list set out in the record should be held to have been the only list returned of this property for the year 1892, then the owner of the property, or those who have succeeded him, could not complain because there was no valid list. The assessment may be valid with no list at all; and no other complaint than this is made to the validity of the assessment.

The next objection to the tax proceeding is that the ordinance under which the taxes of the city of Guthrie were assessed against this property is void. It appears that the city passed an ordinance levying the city tax on the first day of September, 1892, the ordinance being in four sections; and that on the eighth day of September, 1892, § 1 of the first ordinance, and which was the section which levied the general taxes for the city, was amended.

The objection upon this part of the case is not very clearly stated, but we understand, from the argument of counsel, the objection to be, that the second ordinance did not contain the amended section, as well as the provisions that are incorporated into the section as amended. It seems to be claimed that the language of § 662 of the Statutes of 1890, relating to cities of the first class, that

"no ordinance shall be revised or amended, unless the new ordinance contain the entire ordinance revised, or the section or sections amended," means that in amending a city ordinance, in the amended ordinance shall be set out the language of the section amended as well as the amendatory provision. We do not think this is a proper construction of the statute. We construe the language of the statute to mean that where a section of prior ordinance is amended, the amendatory section shall contain the entire revision of the old section; that is, where a section of an ordinance is amended, that section must be repealed, and all the provisions of the ordinance relating to the particular matter contained in the amended section of the old ordinance must be contained in the corresponding section of the new ordinance. Under this construction, the ordinance in question fulfills all the requirements of the statute.

It is also claimed by plaintiff in error that the tax sale should be enjoined because the proceedings of the territorial board of equalization for the year 1892 were not signed by the members of the board or by anyone on their behalf. It appears from the transcripts of the records taken from the auditor's office and introduced in evidence by the plaintiff, that the board did meet at the time provided by law, and did act upon the assessment and make an equalization thereof. These proceedings do not appear to have been signed by anyone, but that the proceedings were had appears beyond question, in fact, it is not asserted that they were not had. No section of the law has been referred to by counsel, and we have found none, that requires these proceedings to be signed by the board.

The next contention of plaintiffs in error is that the publication notice of the tax sale was not made at the

time required by law, but that it was made at an earlier date than the statute provides. The record does not show when the publication notice for the sale of the lots in question was made. There is contained in the record what purports to be the affidavit of the publisher that he did publish a delinquent tax list, of which it is stated a copy is thereto attached, but there is no copy attached to the affidavit, nor is it anywhere else in the record; so that we are unable to say that the publication was not properly made.

The only further objection that is relied on to enjoin the tax deed is that the sale was void because the county treasurer failed to sign the certificate of the tax sale. Section 5657, of the Laws of 1893, under which this sale was made, provides that the purchaser of any tract of land sold by the county treasurer for taxes is entitled to a certificate in writing, describing the land purchased and giving the amount which he paid, and the time when the purchaser will be entitled to a deed, and requires that the county treasurer shall, in his official capacity, sign and acknowledge this certificate. And § 5663 of the same statutes provides that whenever the county treasurer of a county shall bid off any real estate in the name of the county, he shall make out a certificate of purchase to said county, just as he is required to do if the sale is made to some person other than the county. It appears in evidence that after the sale was made by the county treasurer he did draw up a certificate, but this was retained in the county treasurer's office, unsigned, for the reason, as the treasurer states, that the custom in the office had been not to sign the certificates, but to retain them in that form until some person came in as was often done, and took an assignment of the

certificate from the county treasurer, when the certificate would be completed and delivered to such person. The statute evidently intended that the county treasurer should, within a reasonable time (there appearing to be no time fixed) after the tax sale, make and sign such certificate and deliver it to the purchaser, if there was one, other than the county, or to retain it in the treasurer's office, where the sale was made to the county; but failure' to do this would in no way affect the validity of the tax sale. This certificate is, under the express language of the statute, presumptive evidence of the regularity of all the proceedings prior thereto. It is not required for the purpose of making a tax proceeding valid, but in order that the purchaser, whether that be some individual or the county, may have a duly drawn and properly executed evidence of the purchase. The tax sale, so far as the owner of the property is concerned, may be as valid without this certificate as with it. It may, however, be more difficult to prove the tax sale, and that the purchaser has acquired a lien on the property which he claims to hold by virtue of such sale and the payment of the tax without the certificate than with it. In this case the fact that the sale was made is not disputed. It is, indeed, alleged in plaintiff's petition.

We find no error in the judgment appealed from, and it is therefore affirmed.

Dale, C. J., having presided below, not sitting; all the other Justices concurring.