## BRUNO v. MADISON et al.

No. 2159. Decided February 9, 1911 (113 Pac. 1030).

TAXATION—CERTIFICATE OF SALE—TIME FOR ISSUANCE. Comp. Laws 1907, sec. 2623, provides that on a sale of land for taxes, the treasurer shall execute and deliver to the purchaser a certificate of sale, and by section 2621 the treasurer is required to keep a book in which he shall enter the matters enumerated in a certificate of sale. *Held*, that, where land was sold for taxes for the year 1901, a tax certificate issued therefor was not invalid because issuance of it was delayed, so that it was upon a form not printed until 1904. (Page 492.)

APPEAL from District Court, Seventh District; *Hon. A. H. Christensen*, Judge.

Action by Dominic Bruno against Neil Madson and another.

Judgment for defendants. Plaintiff appeals.

AFFIRMED.

*Weber & Olson* for appellant.

*King & King* for respondents.

FRICK, C. J.

Appellant, as the alleged owner, brought this action against the respondents pursuant to Comp. Laws 1907, section 3511, to determine their adverse claim, and to quiet the title to certain real estate described in the complaint as lot 11, block 10, in the town of Schofield, Carbon County, Utah. The respondents answered the complaint, and after denying appellant's alleged ownership averred that they were the owners and entitled to the possession of said property. They further averred that the real estate in question had been duly and regularly assessed for taxation for the year 1901; that the taxes so assessed against said property had not been paid, and that said property had been duly sold for taxes for the year aforesaid; that no redemption had ever been made from said tax sale, and that a tax deed had been duly and regularly issued by the proper officer of Carbon County, Utah, to the respondents by which said real estate had been duly conveyed to them. The appellant in his reply in effect denied the facts averred in the foregoing answer. There was a trial to the court without a jury. The court in substance found the facts as they were alleged in respondent's answer and entered a decree adjudging them to be the owners of the real estate in question by virtue of the tax deed aforesaid.

The only question presented by appellant for determination on this appeal, and which arose at the trial of the case, is in substance as follows: Respondents in making proof in

support of their tax deed produced a certificate of sale which they offered in evidence as evidence of the sale, to which appellant's counsel objected upon the sole ground that the proffered certificate had not been made, signed and delivered by the county treasurer of Carbon County, Utah, in conformity to Comp. Laws 1907, section 2623. The court overruled the objection, and counsel preserved their exception, and now insist that the evidence is insufficient to sustain a finding that the certificate of sale was issued as provided in said section. Said section, so far as material here, is as follows: "When real estate is sold for taxes, the treasurer shall make out, sign, and deliver to the purchaser of any real roperty sold for the payment of taxes as aforesaid a certificate of sale, describing the property on which the taxes and costs were paid by the purchaser, as the same was described in the record of sales, and also how much and what part of each tract or lot was sold, and stating the amount of each kind of tax and costs for each tract or lot for which the same was sold, as described in the record of sales, and that payment has been made therefor."

The section provides, further, that if at the sale any person shall bid and pay the treasurer the amount of the taxes and costs he shall deliver to the auditor of the county a certificate of sale as stated above, and in such event the county is deemed the purchaser. Section 2621 provides that the treasurer shall keep a book in which he shall enter the matters enumerated above and which is termed the "record of sales" in section 2623 aforesaid. The form of certificate is also given in said section.

At the trial respondents produced a certificate of sale which, in both form and substance, conformed to the statute. Counsel for appellant, however, contended that the certificate produced and admitted in evidence was not made and signed by the county treasurer until about two and one-half years or longer after the tax sale took place. This fact was sought to be established by the following circumstances: Some time prior to the commencement of this action, to-wit, in December, 1906, a search was made in the proper office

for a certificate showing the sale of the property in question and none was found. A short time thereafter, however, the certificate in question was found in the proper office among some other papers. Counsel for appellant, however, insisted that the certificate in question could not have been issued at the time of the sale or within a reasonable time thereafter because the one produced was not printed until about the year 1904. The evidence to this effect is not seriously questioned by respondents. The treasurer of Carbon County, however, testified on behalf of respondents that at one time some certificates of tax sales were missing and that duplicates were substituted for those which were missing. While in this connection it is not asserted in positive terms that the certificate in question was one which was so substituted, yet it is claimed by inference that such was the case. The treasurer could not state on what paticular property duplicate certificates were made as substitutes for the originals. All he testified to was, that duplicates had been made and filed in some instances for the reason aforesaid. The court found "that the treasurer's certificate of sale was issued for said premises within a reasonable time after said sale and was delivered within a reasonable time to the county auditor of Carbon County, Utah, the purchaser at said sale." The contention is, that the finding finds no support in the evidence. We need not refer to the evidence further than we have already done.

The contention made is, that the certificate of sale, under the statute referred to, must be made, signed, and delivered at least within a reasonable time after the sale for taxes takes place, and that if this is not done, the sale is void. Counsel insist that in this case the evidence is conclusive that the certificate of sale, if one was originally made, was not made, signed, and delivered within a reasonable time, and hence the tax deed under which respondents claimed and recovered is void and of no effect. The judgment in favor of respondents, it is contended, therefore cannot be sustained. It will be observed that the statute fixes no time within which the certificate of sale provided for

therein must be made and delivered. Nor does the statute prescribe the consequences which shall follow in case delivery of the certificate is delayed or not made and delivered to the purchaser. There are some statutes in which the time within which such certificates must be filed is fixed and in those states unless they are filed within such time the tax sales are ordinarily declared void. The case of *Tilden v. Duden*, 1 N. Y. Supp. 292,[1] passes upon such a statute. The decision in that case is, however, by a divided court, The dissenting justice deemed the statute with respect to the time of the delivery of the certificate as directory merely. In Minnesota, under a statute quite different from ours, it is held that it is necessary for a certificate in due form to be filed "as an essential muniment of title." (*Philbrook v. Smith*, 40 Minn. 100, 41 N. W. 545.) It is accordingly held in that state that unless a certificate is issued and delivered to the purchaser at the tax sale within a reasonable time after the sale the sale is void. It will be observed, however, that in Minnesota the certificate is in effect what a deed usually is, namely, a muniment of title. Neither counsel have, nor have we, been able to find any statute or case similar to the Minnesota statute and case. There are other cases based on statutes similar to ours which are directly to the contrary of the holding of the Minnesota court. The statute of Nebraska (Laws Neb. 1879, p. 322) with respect to the giving of a tax sale certificate by the county treasurer is very much like ours. The Supreme Court of that state in the case of *Otoe County v. Brown*, 16 Neb. 394, 20 N. W. 274, 641, in effect held that the fact that a certificate of sale was not issued until a long time after the tax sale could not prejudice the rights of the owner of the land which was sold for taxes. The court accordingly refused to set aside the sale. Michigan also has a statute somewhat similar to ours, and in answer to the contention that a certificate of sale did not comply with the statutory form, the Supreme Court

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 48 Hun, 618.

of that state in *Muirhead v. Sands,* 111 Mich. 491, 69 N. W. 826, held that the "owner cannot be concerned as to the form of the certificate given to the purchaser, nor would it be material if no certificate was given at all." The statutory requirement of Oklahoma with regard to a tax sale certificate is practically the same as ours. A question similar to the one presented here was passed on by the Supreme Court of Oklahoma in the case of *Pentecost v. Stiles,* 5 Okl. 500, 49 Pac. 921. The Supreme Court of Oklahoma held that in adopting the statute it evidently was intended "that the county treasurer should, within a reasonable time after the tax sale, make and sign such a certificate, and deliver it to the purchaser, . . . but failure to do this would in no way affect the validity of the tax sale. . . . The tax sale, so far as the owner of the property is concerned, may be as valid without this certificate as with it." Counsel for appellant have not pointed out in what way the owner of the property was prejudiced by reason of the fact that the tax certificate may not have ben issued immediately or even within a reasonable time after the sale was made. Their whole claim rests upon the fact that the statute in terms requires such a certificate to be issued and that if it be not done within a reasonable time after the sale takes place the sale is void. If this tax certificate constituted one of the jurisdictional or essential acts or requirements in the process of assessing and collecting taxes or in making sales, their contention would have much force. In order to deprive an owner of his property by reason of the non-payment of taxes through tax sales the statutory requirements, and especially such as are jurisdictional, whether they relate to the assessment or sale of the property must no doubt be strictly complied with, but in the process of assessing and collecting taxes and in selling property for non-payment thereof some acts required to be done are not jurisdictional, and with regard to those the statute ordinarily need not be followed with the same degree of strictness. This principle is recognized in section 2677 where it is provided that "no assessment or act relating to assessment or collection of taxes is illegal on

account of informality or because the same was not completed within the time required by law." The degree of strictness that is ordinarily required and the matters to which strict compliance relates is in part illustrated by the notes following section 2621, where the cases in which this court has passed on tax proceedings are collated, and to which we refer without citing the particular cases. We have been unable to find a case, either of this or any other court, where, under statutory provisions like our, a tax sale was held void upon the sole ground that the tax certificate of the sale was not issued at the time of the sale or within a reasonable time thereafter. Nor can we conceive of any good reason, and none has been suggested, why a sale should be held void upon this ground alone. It is reasonably clear that the certificate of sale is not intended as the only evidence of the sale, since, as we have seen, by section 2621, *supra,* the treasurer is required to keep a book in which a description of the property, the amount of the taxes and costs, and other proceedings incident to the collection of taxes and sale of property for nonpayment are required to be recorded. The certificate, therefore, is in the nature of a memorandum of sale which is given to the purchaser. It has been held that where the law required such a record to be kept, and in case there should be a discrepancy between such record and the recitals in the certificate, the record of sale will control. (*Clark v. Thompson,* 37 Iowa, 536; *Kneeland v. Hull,* 116 Mich. 55, 74 N. W. 300.) As we have seen, section 2623, *supra,* provides that the description of the property as the same appears in the "record of sales" must be stated in the certificate. If, therefore, the treasurer should make a mistake in giving the description in the certificate as the same is given in the "record of sales," he would fail to comply with the statute, and it would seem that the record of sales, as held in the foregoing cases, and not the certificate, should control. All this is important only as showing that the certificate is not intended as the only evidence of the sale, but that in some respects it is merely a copy of some permanent record which the law requires to be kept. The certificate of

sale, therefore, seems to be issued for the convenience of the purchaser as prima facie evidence as least of the facts recited therein. Such a certificate certainly does not partake of any of the essential or jurisdictional acts upon which a tax deed must ultimately rest.

We are of the opinon that, in view that the appellant concedes that all the tax proceedings both before and after the sale for taxes were regular and in compliance with the statute, except in the one matter of issuing the certificate as hereinbefore stated, the tax sale in question, including the tax deed, should be held valid.

Judgment is affirmed, with costs to respondents.

McCARTY and STRAUP, J., concur.