(No. 1972.   December 26, 1917.)

## HILTSCHER v. JONES.

(Rehearing Denied February 23, 1918.)

### SYLLABUS BY THE COURT.

Where property is "struck off to the county as the purchaser" at a delinquent tax sale, under the provisions of section 22, c. 22, Laws 1899, the owner is entit'ed to redeem said property at any time within three years from the date of such sale.   The day the property is struck off to the county is the date of the sale, and the tax sale certificate thereafter issued is only written evidence that the sale has taken place.   The fact that the certificate is not recorded for 2½ years thereafter does not affect the period of redemption.   Hence, where real estate is struck off and sold to the county, and the certificate is not recorded for 2½ years thereafter, and is then sold to a purchaser, and thereafter, but not within three years from the date of the sale, but within three years from the date of recording such certificate the owner of the property pays to the county treasurer the amount of money required to redeem, if the right existed such owner was not entitled to redeem, because of his noncompliance with the statute, and the rights of the owner of the certificate were not affected by such purported redemption.

Appeal from District Court, Sierra County; Mechem, Judge.

Action by Max Hiltscher against Gertrude Minnie Jones.   Judgment for defendant on the pleadings, and plaintiff appeals.   Reversed and remanded, with directions to enter judgment for plaintiff.

E. D. Tittman, of Hillsboro, for appellant.   H. P. Owen, of Los Lunas, for appellee.

## OPINION OF THE COURT.

ROBERTS, J. This action was brought by the appellant in the district court of Sierra county to quiet title to the "Wisconsin" and "83" mining claims. The answer of the defendant, Gertrude Minnie Jones, sets up all the essential facts as follows: The two claims in dispute were patented to J. G. Hart in 1892. In the year 1901, these claims were taxed as provided by the law in the name of J. G. Hart. The tax was not paid, and the properties were sold to the county of Sierra on November 17, 1902. The sale was regular in every respect, and on February 14, 1905, the tax certificate to said properties was recorded. On November 20, 1905, the tax certificate was assigned to John Buteke and Fred Hiltscher. A tax deed was later issued to these assignees. Plaintiff-appellant claims from these assignees by deed. On May 31, 1906, the attorneys for the estate of J. G. Hart paid to the then treasurer and collector of Sierra county the amount of the tax for 1901 with interest, and all taxes up to and including the year 1905, with interest, and a certificate of redemption was issued to the said attorneys. To the answer plaintiff made no reply, but filed a motion for judgment on the pleadings. Defendant also filed a motion for judgment on the pleadings. Plaintiff's motion was overruled, and defendant's motion was granted, and plaintiff appeals.

The point presented by this appeal is whether the time for redemption begins to run from the time the property is "struck off to the. county as the purchaser," or from the time the certificate of sale is recorded in the office of the probate clerk. The trial court concluded, as a matter of law:

"That by section 23 of the tax law of 1899, requiring the recording of a tax sale certificate, such recording is made a necessary part of a tax sale transaction, and the period within which redemption may be made does not commence to run until such certificate is so recorded, and that, for the purpose of computing the period within which redemption may be made, the date of the sale must be taken as of the date of recording the tax sale certificate."

Section 23, chapter 22, Laws of 1899, in so far as material reads as follows:

"After receiving the amount for which any real estate shall be sold, the collector shall execute and deliver to the purchaser thereof a certificate of sale containing a description of the property sold (and various other facts which are not material to this case) that the collector by virtue of the authority vested in him by law, has sold and does convey said real estate to said purchaser, his heirs and assigns, subject to the right of the former owner to redeem the same within three years from date of sale by paying to the purchaser, his heirs or assigns, the amount paid therefor at such sale, with interest thereon at the rate of one and one-half per cent. per month from date of sale. Such certificate must be recorded in the office of the probate clerk of such county, in a book to be kept for the purpose of recording such certificates and when so recorded, shall vest in the purchaser, his heirs or assigns, a complete legal title to the real estate described therein subject, however, to redemption as herein provided, and such property shall there-after unless redeemed, be assessed in the name of the purchaser, or his assigns, but the former owner shall have the right to redeem the same at any time within three years from the date of sale by paying to the collector then in office for the use of the purchaser the amount of purchase money with interest at the rate of one and one-half per cent. per month from the date of such sale. * * *

"The collector shall keep a book of sale containing the date of sale, description of property sold, name of purchaser and amount for which sold. Upon the redemption of any property sold as herein provided, the collector shall enter the fact of such redemption upon his book of sales, and shall issue to the person redeeming a certificate of redemption. * * *

"Counties purchasing at tax sales, shall be deemed purchasers within the meaning of the act."

Section 22 of said act, in so far as material, reads as follows:

" * * * In case any property ordered to be sold in two large a tract or tracts to be conveniently sold, the said collector shall offer the smallest tract in acres for which any one shall bid the amount of the tax and penalty, such tract to be as nearly as may be a square body beginning at the northeast corner of the whole tract. In case the property sold shall realize more than enough to pay the amount due, the surplus shall be paid over by such collector, to the owner of such property. Each lot or parcel of property offered for sale shall be struck off to the best bidder for cash; but if there should be no purchaser, in good faith, for the same on the first day, the property is offered for sale. When the property is thereafter offered for sale, and there is no purchaser in good faith bidding upon the same, the whole amount

of the property assessed shall be struck of to the county as the purchaser, and the duplicate certificate delivered to the county treasurer and filed by him in his office, after having the same recorded in the office of the probate clerk of said county. No charge shall be made for issuing duplicate certificate, or for filing and recording the same when the county is the purchaser. And the collector shall make an entry 'sold to the county' on the tax roll opposite the tax and shall be credited with the amount thereon in his settlement."

Appellee contends that the sale of the property is not complete until the tax sale certificate has been issued and recorded, and hence the limitation under the right of redemption does not begin to run until the final act of recordation takes place.

By section 23 of the act the county is made a purchaser, and stands in the same relation to the sale as an individual. If, when the property is struck off to the county, the owner of the property has three years from the date of recording the certificate of sale within which to redeem, the same rule would apply to sales to private parties. The statute requires the certificate of sale to be issued by the treasurer, after he has received the amount of the bid, if sold to private parties. It does not specify that it shall be delivered within any given time, nor does it prescribe the consquences which shall follow in case delivery of the certificate is delayed. Nor does it affix any penalty or attach any rights to a failure to record within a designated time. The sale takes place, in case the property is sold to a private individual when his bid is accepted and the property is struck off to him, and the money is paid. The tax sale certificate, which of course is thereafter issued, is only written evidence or an acknowledgment that the sale has taken place. When the property has been struck off the rights of the purchaser become fixed. The treasurer thereafter could not accept a higher, or another, bid. If, however, the sale is not made, until the certificate has been issued and recorded, it would follow that up to consummation of the completed act the selling officer would be able to accept a higher bid. As

said by the New York Court of Appeals, in the case of People v. Cady, 105 N. Y. 299, 11 N. E. 810:

"It is the sale which is the foundation for all subsequent proceedings, and upon such sale is based the right to convey the title to the purchaser when the time expires which will entitle him to the conveyance for the term he bid at such sale. This formal written certificate may, perhaps, as a matter of fact, he actually made out and delivered some time after the sale, but it is executed and takes effect by virtue of the sale, and relates back to that time, and in contemplation of law is then given and should be thus dated."

The statute in Utah, considered by the Supreme Court of that state in the case of Bruno v. Madison, 38 Utah, 485, 113 Pac. 1030, Ann. Cas. 1913B, 584, provided that when real estate was sold for taxes the treasurer should make out, sign, and deliver to the purchaser a certificate of sale, etc. The certificate therein involved had not been made out, signed and delivered until 2½ years after the sale. The same argument was advanced there as to the effect of failure to so do as is here urged as to the effect of failing to record. In this case the court said:

"It will be observed that the statute fixes no time within which the certificate of sale provided for therein must be made [out] and delivered. Nor does the statute prescribe the consequences which shall follow in case delivery of the certificate is delayed or not made and delivered to the purchaser. * * * It is reasonably clear that the certificate of sale is not intended as the only evidence of the sale, since, as we have seen by section 2621, supra, the treasurer is required to keep a book in which a description of the property, the amount of the taxes and costs, and other proceedings incident to the collection of taxes and sale of property for non-payment are required to be recorded. The certificate, therefore, is in the nature of a memorandum of sale which is given to the purchaser."

To the same effect are the cases of Otoe County v Brown, 16 Neb. 394, 20 N. W. 274; Pentecost v. Stiles, 5 Okla. 500, 49 Pac. 921.

In the case of Boyd v. Wilson, 86 Ga. 379, 12 S. E. 744, 13 S. E. 428, the statute provided that the owner should have the privilege of redeeming land sold for taxes within one year "by paying the purchaser the amount paid by said purchaser for said land, with

ten per cent. premium thereon from the date of the purchase to the time of redemption." It was there urged that the time did not begin to run until the deed had been recorded. The court said:

"Certainly there is no hint or intimation that the time is to be computed from the recording of the deed. Manifestly the time of the sale is the point from which the limitation runs."

In the case of Pearson v. Robinson, 44 Iowa, 413, the court said:

"The statute says 'may be redeemed at any time before the expiration of three years from the date of the sale.' As the right to redeem is created by the statute, it must be exercised within the time prescribed in the statute. The conferring of a right to redeem at any time before the expiration of three years as effectually negatives the right to redeem after that time as though the statute had expressly declared that after three years from the sale there shall be no redemption. This is plain, when it is considered that if the statute had not provided for redemption there could have been none. When, then, the statute says redemption may be made before the expiration of three years, courts cannot declare that it shall be made after that time. When a statute creates a right, and prescribes the time and manner of exercising it, an inhibition is implied upon exercising it in another manner and time. The case of a sale upon execution, is analogous. Real property sold upon execution without appraisement, may be redeemed within one year from the date of sale. It has never been claimed that this time would be extended by the failure to take a deed."

The right of redemption being statutory, and the statute defining the time in which the right must be exercised, the courts are powerless to extend the time.

Appellee argues, however, that the Legislature in requiring the recording of the duplicate certificate of sale, intended thereby to give notice to the owner of the property that his property had been sold, and to enable him from such certificate to ascertain the time within which he could redeem. This argument might have more force if the owner of the property was required to pay the redemption money to the purchaser, but under our statute he is not so required. He is able to redeem by paying the redemption money to the county treasurer; consequently the name of the

purchaser is wholly immaterial. So far as notice to the owner is concerned, he secures this from the records in the office of the county treasurer. He knows that he is required to pay his taxes, and of course is fully aware of the fact as to whether he has discharged this duty. If he has not, he knows that under the law his property will be .sold for taxes, and an examination of the tax rolls and records in the treasurer's office will disclose to him whether the treasurer has discharged his legal duty and sold his property. If he has, by observing the date of the sale in the book of sales, which the treasurer is required to keep, he will be able to ascertain when he must redeem.

The requirement that the certificate of sale shall be recorded in the office of the county clerk is to give notice to "all the world of the existence and contents of the instruments so recorded," etc. (section 4787, Code 1915), and not for the purpose of giving notice to the owner of the property that his real estate has been sold, and the time within which he may exercise his right of redemption.

Were we to give the statute a contrary construction, we would be reading into it something clearly not intended by the Legislature. Necessarily there must be some period of time elapse between the time of the sale and the performance of the clerical work of making out, signing, and delivering the certificates. If appellee is correct in her contention, the period of redemption would be computed from the time the ministerial acts of the treasurer and collector were consummated, rather than from the date of the sale. Had the Legislature intended that the date of the recordation of the certificate should govern, it could easily have so provided.

Appellee argues that the owner might be defeated of his right to redeem by a failure on the part of the purchaser to record his certificate. There is no merit in this argument. By reason of the foregoing, it follows that the owner did not have the right to redeem, at the time the money was paid for such purpose to

the county treasurer, and, such being the case, the rights of the owner of the certificate were not affected by such purported redemption.

For the reasons stated, the judgment will be reversed and the cause remanded, with directions to enter judgment for appellant; and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.