**PHILLIPS v. FREAS, Sheriff, et al.**

No. 20375. Opinion Filed Sept. 29, 1931.

A. P. Carr, for plaintiff in error.

James P. Devine, Co. Atty., and S. T. Carman, Asst. Co. Atty., for defendants in error.

HEFNER, J. This is an action brought by John Phillips in the district court of Osage county against the sheriff and county treasurer to enjoin the sale of personal property under a tax warrant issued by the county treasurer of that county. The trial court denied the injunction.

The evidence discloses the following facts: Plaintiff was the owner of a filling station in the city of Pawhuska; he failed to list it for taxes for the years 1925 and 1926. It was listed for the year 1925 by his father and in the year 1926 by the county assessor. Plaintiff testified that his father had no authority to list the property and it was so listed without his knowledge or consent. Plaintiff contends that the tax is invalid for the reason that the property was not personally listed by him, and that no attempt was made by the assessor to obtain a listing from him; that he was therefore without authority to place the same on the tax rolls. This contention cannot be sustained.

It is made the duty of every taxpayer to list his property for taxation by section 9666, C. O. S. 1921. If he fails to do so, it is the duty of the assessor, under section 9668, to list the property at such valuation as he believes to be the fair cash value of the property. Plaintiff does not contend that the property was not subject to taxation, but his contention is that the value as placed thereon by the assessor is excessive. It is the duty of the equalization board, under the law, to equalize taxes. Section 9671, C. O. S. 1921, fixes the time the board shall meet, and provides that ten days' notice thereof shall be given by publication in some newspaper of general circulation in the county. If plaintiff felt aggrieved by the assessment, it was his duty to appear before the equalization board as provided by section 9966, C. O. S. 1921, and present his grievance, and, in the event of an adverse decision, his remedy was by appeal to the district court. This was his exclusive remedy under the express provisions of section 9686, C. O. S. 1921. A remedy by injunction in such cases is expressly denied the taxpayer by statute. The assessment is not void because of the manner in which the property was listed.

228

In the case of Pentecost v. Stiles, 5 Okla. 500, 49 P. 921, the following rule was announced:

"Under the statute of this territory, however, the listing of property for taxation is not a prerequisite to a valid assessment. It is made the duty of the owner to furnish such list to the assessor, and the duty of the assessor to procure the list from the owner; but the list seems to be required only for the purpose of better enabling the assessor to know what the property is, and its value; and where the owner fails to furnish the list required by law, it is then the duty of the assessor to assess the property from other sources of information."

In the case of Weatherly, Co. Treas., v. Sawyer, 63 Okla. 155, 163 P. 717, this court said:

"Under chapter 152, Sess. Laws 1911, p 331, proceedings to assess property for taxation may be initiated in three ways: (1) The owner may give to the assessor a list of his taxable property; (2) in case any property is for any cause omitted, the assessor may make out and return a list of such omitted property; and (3) the board of equalization at its regular meeting may add any omitted property to the assessment roll by giving five days' notice thereof in writing to the owner or his agent to appear at a time and place fixed in such notice and show cause why such omitted property should not be added."

After reviewing sections of the statute herein referred to, the court further said:

"From the foregoing it is seen that proceedings to assess taxes against property of an individual may be commenced or initiated in three ways: (1) The owner may give to the assessor a list of said property; (2) in case any property for any cause is omitted, the assessor may himself make out and return said list; and (3) the board of equalization at its regular meeting, by giving the proper notice, may add any omitted property to such assessment roll, and if the assessment be made in any one of the three methods, jurisdiction is conferred upon the taxing officials and the procedure thereafter is the same in each case. * * *

"Where tax proceedings are initiated by an assessment of the property in one of the three methods hereinbefore pointed out, jurisdiction is acquired by the taxing officials to take all steps necessary to levy and collect a valid tax against taxable property."

Under these authorities the assessment is valid.

Judgment is affirmed.

RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

LESTER, C. J., CLARK, V. C. J., and ANDREWS, J., absent.

Note.—See under (1) annotation in 24 L. R. A. (N. S.) 388; 26 R. C. L. 343.