## STATE v. RORABAUGH-BROWN D. G. CO.

No. 24528.   May 14, 1935.

I. L. Harris, for plaintiff in error.

Everest, McKenzie, Halley & Gibbens, for defendant in error.

WELCH, J. This proceeding was commenced on the 22nd day of March, 1932, by the tax ferret of Oklahoma county by report to the county treasurer of said county that he had discovered Rorabaugh-Brown Dry Goods Company was the owner of certain property consisting of invested capital, accounts receivable, furniture and fixtures which was not listed for taxation, but was subject to taxation in Oklahoma county for the years as follows:

1928   $75,000.00.
1930   75,000.00.

Notice was given to the taxpayer, who filed its objections to said proposed assessment, alleging that all of its property was assessed for taxation for said years, as required by law; that taxes were paid thereon, and that none of its property was omitted.

The cause was heard on November 2, 1932, before the county treasurer, who ordered the property extended upon the tax rolls as omitted property, and assessed the defendant with taxes thereon for each of

said years. The taxpayer perfected an appeal to the county court of Oklahoma county. On appeal the county court, after a full and complete hearing, held that said property was not omitted property, but had been assessed and extended upon the tax rolls and the taxes thereon had been paid, and that court dismissed the action, from which judgment the state of Oklahoma perfected its appeal to this court.

The taxpayer is a domestic corporation engaged in the retail dry goods business in Oklahoma City. Its defense to the assessment of the alleged omitted property is that all of its property was assessed for the years 1928 and 1930, and that it has fully paid its taxes thereon.

The record shows assessment of personal property belonging to the corporation for each of the years involved. The status of such assessments and the manner of making them will be reflected by the following facts, which are undisputed: After the assessing period for each of the years involved had passed, the secretary of the taxpayer corporation repaired to the county assessor's office with complete data reflecting the character and value of all of the property owned by the corporation. This data contained a complete list and statement of the accounts receivable, and furniture and fixtures and stock of merchandise belonging to the corporation for the years involved. All of this information was given to the tax assessor for the purpose of forming the basis of an assessment of the property of the corporation for the years involved. The assessor, having before him the details of the property owned by the corporation so presented, caused to be prepared in his office an assessment of the property on a personal assessment list form as provided by the State Auditor.

The assessments, as prepared, did not itemize the property being assessed, as provided by any statute or forms prescribed by the State Auditor. The county assessor fixed the value of the corporation's property for each year at the lump sum of $250,000, and the same was entered on the assessment sheets so filed in the following manner:

· "Year 1928.

"Average amount and value for previous year of capital, goods and property employed in merchandise, $250,000. * * *

"Total value of all taxable personal property, $250,000."

"Year 1930.

"All goods, property and capital employed in merchandising

"Inventory of stock

"Inventory of fixtures

"Notes and accounts

"Total merchandise          $250,000.

"* * * Total value of personal property subject to taxation          $250,000."

The name of the corporation was signed to the 1928 assessment sheet in the office of the assessor on October 17, 1928, and the assessment sheet for 1930 bears the signature of the county assessor by one of his deputies as of June 7, 1930; but no further effort was made to comply with the statutory requirements. It will be observed from the above facts that the taxpayer wholly failed to comply with the provisions of section 12372, O. S. 1931, which required the filing of a detailed statement and report by the corporation, under oath, on form provided by the State Auditor, and statement of its authorized capital stock, etc., the total amount of its invested capital, etc. The assessment in no manner complied with the statutory provisions relating to a voluntary assessment by a corporation within this state. It was filed long after the time provided by law for the making of voluntary assessments. Such failure on the part of a taxpayer might subject it to the 50 per cent. penalty prescribed by section 12372, O. S. 1931, but no effort is made to so penalize the taxpayer here.

The assessments, as made here, may be denominated as arbitrary assessments by the county assessor of property belonging to the corporation. The manner and method of making the assessments by the assessor is subject to severe criticism. It is readily apparent that the assessor should have prepared the same on the form for corporations, as provided by law, and that the same should have reflected all of the information required by law, and which came to the attention of the assessor. His failure to so prepare the same appears to have been a serious neglect of official duty, and the omission of the information should have been supplied by the board of equalization, if it could have obtained such information as the record here shows the county assessor did have. Although the assessment, as made, reflects a neglect of duty on the part of the taxpayer, and neglect of official duty on the part of the assessor, such a neglect of duty does not necessarily impair

the validity of an assessment actually made, and upon which the taxes levied have been paid. We cannot approve this manner of making assessments. These assessments were not correctly made. However, these assessments were sufficient to result in the entry of the taxpayer and his property on the tax roll, and in the actual collection of the taxes in substantial amount, and we cannot hold the assessments invalid. We must hold that these assessments were valid assessments of personal property belonging to the corporation.

In Phillips v. Freas, 151 Okla. 227, 3 P. (2d) 436, this court, in discussing the assessment of property for purposes of ad valorem taxation, said:

"Under the statute of this state the listing of property for taxation by the owner is not a prerequisite to a valid assessment. It is made the duty of the owner to furnish such list to the assessor, and the duty of the assessor to procure the list from the owner; but where the owner fails to furnish the list required by law, it is then the duty of the assessor to assess the property from other sources of information at such a valuation as he may believe to be a fair cash value thereof. An assessment so made is a valid assessment."

The law relating to the assessment of property for the purposes of ad valorem taxation places upon the property owner the duty of listing his property for assessment upon forms prescribed by the State Auditor. If the property owner neglects or refuses to fulfill this duty, it is the duty of the assessor to list and assess the property for taxation from such information as he may obtain. If the property fails· to reach the assessment rolls by either of these methods, other statutory methods are provided for the purpose of assessing the property. See Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002, and Wilson v. State, 169 Okla. 149, 36 P. (2d) 292. There are statutory penalties provided for the failure or neglect of the property owner to assess his property as provided by law, and there are likewise penalties provided for the intentional failure on the part of the public officers charged with the duty of assessing the same to perform such duty. The action here, however, is not an action to enforce a statutory penalty for the failure of the property owner or of the public officials to perform a duty. If for any reason, whether it be neglect of duty or an oversight on the part of the property owner or public official, property which is subject to taxation is not assessed, the statute provides methods whereby such property which has

entirely escaped taxation may be placed upon the tax rolls at any time. In such a proceeding it is not material why the property was omitted. The act, or failure to act, on the part of the property owner or the public officials is of no consequence. The power and authority of the state to demand and require that the taxable property bear its just portion of the cost of government cannot thus be thwarted. In such a proceeding, however, it must be shown that the property sought to be assessed as omitted property escaped a place on the tax rolls. If the property involved is shown to have been included as one of the component parts, and formed the basis of a valid assessment, it is immaterial in a cause of this nature whether or not the assessment was fully equivalent to the value of the property. It cannot be reassessed or revalued in this character of proceeding.

The question here is whether or not the accounts receivable and the furniture and fixtures belonging to the property owner were included in, and formed a part of the basis of the $250,000 assessment made against the taxpayer's property for each of the years involved. The assessments made for the year 1928 appear under item No. 36 of the assessment sheet, and the 1930 assessment appears under item No. 34 of the assessment sheet. It is apparent that the assessments as made are wholly lacking in detail as concerns the exact property covered thereby. The assessments, however, on their face are readily susceptible of the construction that it is the gross sum of all goods, accounts, property, and capital employed in merchandising. The state, in the instant case, contends that these assessments do not cover that portion of the taxpayer's property which consisted of accounts receivable and furniture and fixtures. We agree the assessment is so incomplete and inadequate within itself that it does not show affirmatively whether or not such property was therein included. Indeed, the assessments are so incomplete that they do not show with exact certainty that they include the stock of merchandise. We do know, however, that it is an assessment of personal property belonging to the corporation and used in merchandising. There is no dispute that the corporation paid some $12,000 in taxes for each of the years involved upon the assessment as shown. This tax was certainly paid upon some property owned by the corporation.

In cases where an arbitrary assessment of personal property has been made in such a manner as not to clearly reflect the exact

property included therein, and no correction thereof has been made by any of the various methods provided by law for perfecting or correcting same, and the taxpayer has paid taxes levied against the assessment, we know of no statutory rule, nor rule founded upon substantial consideration of justice, which would prevent a court of competent jurisdiction from hearing and considering evidence offered to supply the deficiency of the record in order that the exact property forming the basis of the assessment may be determined. Although it is the policy of the law to require that all taxable property bear its just share of the expense of government by exacting the payment of taxes thereon, it is clearly contemplated thereby that property upon which taxes have been paid may not again be called upon to contribute. State v. Cushing Grocery Co. 135 Okla. 186, 274 P. 876. The assessment record here does not clearly reflect whether or not the accounts receivable and the furniture and fixtures belonging to the corporation have been subjected to taxation for the years involved. The assessment as it stands does not even reflect in the manner provided by statute that the stock of merchandise belonging to the corporation has been subjected to taxation for those years. From the record here, however, it cannot be denied that some of the property belonging to the corporation was subject to taxation for those years. The record discloses that practically the entire property of the corporation for the years involved consisted of credits, accounts, furniture and fixtures, and stock of merchandise. In such case we hold that the property owner may be permitted to show by clear and convincing evidence that the property here sought to be assessed as omitted property was, in fact, included in the assessments as made.

Several witnesses testified to the effect that the assessment of $250,000, as made, was based upon a consideration of the accounts receivable, the furniture and fixtures, and the stock of merchandise and various other items of property belonging to the corporation during the years involved. The county assessor, at the time the assessments were made, testified that he took all of these items into consideration and included them in his calculation in arriving at the lump sum of the $250,000 assessment. The record contans no evidence to the contrary. The assessments themselves do not contradict this testimony.

We hold herein that the property owner

has established its defense by clear and convincing evidence, and the judgment of the court dismissing the complaint is sustained.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.