**SOUTHWEST MECHANICAL CONTRACTORS, INC., An Oklahoma Corporation, Appellee,**

v.

**Joe B. BARNES, County Treasurer of Oklahoma County and E. Melvin Porter, County Assessor of Oklahoma County, Appellants.**

No. 82480.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 1, 1994.

---

Lou Keel, Oklahoma City, for appellants.

Gerald E. Kelley, Oklahoma City, for appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellee sought a temporary restraining order and permanent injunction against Appellants to prohibit them from seizing assets belonging to Appellee and enforcing any tax warrant based upon personal property ad valorem taxes allegedly owed for 1989 through 1991. As Appellant paraphrases the case, the relief sought was that the assessments be declared invalid because they were not rendered in Appellee's name. Appellant filed a motion for summary judgment and the trial court overruled it. The trial court nevertheless found no substantial material factual controversy and granted the non-moving Appellee judgment as a matter of law. The journal entry of judgment, repeating language written by the trial court in its minute entry, states:

> This court ... finds that the Tax Warrant and Assessment relied upon by Defendants herein were issued to a different corporate entity other than the Plaintiff. As a result, this Court finds that the Motion for Summary Judgment filed herein by Defendants should be overruled. The court further finds that there is no substantial controversy as to any material fact and that the Plaintiff is entitled to judgment in accordance with its petition filed herein.

The Appellants contend in one proposition that the assessment of Appellee's property, and the notice given, was valid under 68 O.S. § 2843 et seq., and the cases construing it, and this fact demonstrates the erroneous nature of the judgment for the taxpayer.

This controversy had its genesis in the fact that Appellee, Southwest Mechanical Contractors, Inc., does business at the same address as did Southwest Systems, Ltd. The assets of Southwest Systems were foreclosed on and sold. At this auction Appellee's principles purchased about ten percent of these assets. Appellee then began doing business at that same location on February 5, 1988, but failed to list its business personal property with the Oklahoma County Assessor for the tax years 1989 through 1991. Personal property taxes continued to be assessed against the former property and the former corporation. The assessments, and the notice of taxes due on them, were mailed to Southwest Systems, Ltd., at the address which Appellee was now doing business. Apparently, these notices elicited no response. The vice-president of the predecessor corpo-

ration at this time was the same person that was president of the Appellee corporation.[1]

In April, 1992, a tax warrant in the amount of $7,237.25 was issued by the county treasurer. It was directed to the predecessor corporation at the address where both corporations did business. The warrant was served upon the president of Appellee at that address. The county treasurer's office inquired about the delinquent taxes and was informed by Appellee that it (not Southwest Systems) had been the owner of the property since February, 1988. A tax roll correction was made on March 15, 1993. The reason for the correction of the clerical error was listed as a name change. No assessment has ever issued in the name of the Appellee, although back tax bills have been mailed to it.

The effect of the factual history in this cause is that one entity ceased doing business and the tax assessments for that entity continued to be mailed to it at the address of a second corporation doing business at the same place. Rather than proceed under the omitted property statute, 68 O.S.Supp.1992 § 2844, to collect taxes against the new company, the name was changed on the first company's assessment. The property was listed as belonging to one party, and by the expedient act of calling a change of name a clerical correction, it was assessed against another (the Appellee). This is the assessment Appellee seeks to vitiate. An old case addressed this point. *Rogers v. Duncan*, 57 Okla. 20, 156 P. 678 (1916), states that an assessment of personal property to a named person other than the owner or his agent is absolutely void. Appellee's position is that not only does he not own the assessed property, he was never given notice so that he could contest the assessment to him.

Appellant recognizes in its brief that the genesis of this problem is Appellee's failure to list its property, and the necessity of the county to do so. As such, the proper statute to utilize in this case is the omitted property statute.[2] Title 68 O.S.Supp.1992 § 2844 states explicitly:

> ... the county assessor ... shall at any time cause such property [omitted] to be entered on the assessment rolls and tax rolls ..., and shall, after reasonable notice to the parties affected, in order that they be heard, assess such omitted property....

■ Section B of § 2844 explicitly provides that if the tax is prevented from being collected for any year or years by reason of lack of notice, (among others) the tax can be added to the current or the following year. The statute explicitly provides for collection where the tax cannot be collected because of a lack of notice. Having omitted to assess Appellee, the assessor is not authorized to make a tax assessment for the prior years during which assessment had been omitted by an arbitrary act of altering the tax rolls without giving the taxpayer any notice. *Dyer v. Dalton*, 197 Okla. 601, 174 P.2d 252 (1946). Changing the owner's name on a previous assessment is making an assessment for prior years against a *new taxpayer*, and is proscribed by the *Dyer* case.

■ Appellant cites two cases, older than last cited here, to support the validity of the procedure he has undertaken. They are, *Phillips v. Freas*, 151 Okla. 227, 3 P.2d 436 (1931), and *Bonaparte v. American Vinegar Mfg. Co.*, 161 Okla. 54, 17 P.2d 441 (1932). *Phillips*, refuses to find error arising from the appellant's contention that the tax was invalid because the property was not personally listed *by the taxpayer*, and no attempt was made by the assessor to obtain a listing *from him*. This case is little authority for the case at bar. In *Bonaparte*, there is no contention that the property was not assessed by the assessor as provided by law, and the only objection made in that case is that the assessment was not published in a newspaper. A reading of *Bonaparte*, discloses the real basis of the decision is that

---

1. There is no argument presented by this appeal which raises any issue arising out of the similarity of ownership, waiver or estoppel.

2. Indeed part of the assessor's actions in this cause recognize this. The tax statement showing the tax roll correction (name change) stated the Appellee could pay his back taxes within 30 days without interest or penalty as provided by T. 68 O.S.1992 Supp. § 2845.

there was no showing the assessment injured the rights of the plaintiff. The court stated that if the property was deemed to be unassessed, for lack of jurisdiction because of failure to give the notice required, it could now be assessed as omitted property. Here, the distinction is that Appellee is taking issue with the assessment to him of what he states is not his property, and that fact *has* injured him. While Appellee's ad valorem tax is not lost to the county irretrievably, collection will require proper assessment and further action by the assessor under omitted property statutes such as § 2844.

The trial court did not err in prohibiting Appellant from seizing assets belonging to Appellee to enforce any tax warrant based upon personal property ad valorem taxes owed for 1989 through 1991 and originally assessed in the name of Southwest Systems. The judgment is affirmed.

AFFIRMED.

HANSEN, P.J., and HUNTER, J., concur.